Thomas **FINN**, Plaintiff,

v.

The **CHICAGO NEWSPAPER PUBLISHERS' ASSOCIATION–DRIVERS UNION PENSION PLAN**, Defendant.

**No. 76 C 3511.**

United States District Court, N. D. Illinois, E. D.

May 6, 1977.

Fred Shandling, Chicago, Ill., for plaintiff.

Louis L. Dent, Chicago, Ill., for defendant.

## DECISION

McMILLEN, District Judge.

Defendant has filed a motion to dismiss the complaint in the above case pursuant to F.R.C.P. 12(b)(6). Count One is based upon E.R.I.S.A. and complains about the failure to pay benefits under the Pension Plan for injuries sustained on September 12, 1974. We find and conclude that this claim is barred by the provisions of 29 U.S.C. § 1144.

■ The plaintiff's claim is filed under Title I, § 502(a)(1)(B). Both parties agree that this claim is subject to the limitation of 29 U.S.C. § 1144 which provides as follows:

\*　　\*　　\*　　\*　　\*　　\*

(b)(1) This section [which previously refers to Title I] shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before. January 1, 1975.

Plaintiff made his claim against the defendant on February 1, 1976, but his cause of action occurred prior to January 1, 1975, as pointed out above. Although defendant allegedly failed to pay the claim after January 1, 1975, this is not an "act or omission" which itself gave rise to a claim. If it were, then it would have the effect of circumventing the statutory bar which is written into the statute. In our opinion, an "act or omission" under the statute refers to an independent, actionable event.

Plaintiff filed a pendent State action under Count Two, based upon tort. This action of course is dependent upon our retention of jurisdiction under Count One and will fall with it.

■ Plaintiff also argues that he can amend his complaint to allege jurisdiction under § 301(a) of the Taft-Hartley Act. However, if this were so, then the remedial cause of action provided by E.R.I.S.A. would be unnecessary. Furthermore, our Court of Appeals has adopted the view that individual beneficiaries under a pension plan have no standing to sue for their personal claims under § 302 of the Taft-Hartley Act, and we can see no real distinction between that case and a suit under § 301. *Johnson v. Botica*, 537 F.2d 930, 933 (7th Cir. 1976); see also *Meehan v. Laborers Pension Fund*, 418 F.Supp. 29 (N.D.Ill.1976).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the defendant to dismiss the complaint for failure to state a claim on which relief can be granted is granted and the complaint is dismissed.