447 F.Supp. 836 (1978)
Henry WINER, Plaintiff,
v.
EDISON BROTHERS STORES PENSION PLAN, Defendant.
Ray MARSHALL, Secretary of the U. S. Department of Labor, Plaintiff,
v.
EDISON BROTHERS STORES PENSION PLAN, Eric P. Newman, Julian I. Edison, Bernard Edison, Lewis Pate, Sam Alton, Walter Heinecke, Andrew Newman and Louis Melchior, Defendants.
Nos. 77-312C(2) and 77-894C(2).
United States District Court, E. D. Missouri, E. D.
March 14, 1978.
Theodore F. Schwartz and Marvin Moldafsky, Clayton, Mo., for plaintiff in No. 77-312C(2).
Myron Gollub and Alan B. Hoffman, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for defendants.
Robert D. Kingsland, U. S. Atty., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., Carin Ann Clauss, Sol. of Labor, Morton Klevan, Acting Associate Sol., Plan Benefits Security Div., Monica Gallagher, Enforcement, Plan Benefits Security Div., Samuel W. Halpern, Atty., Plan Benefits Security Div., Office of the Sol., U. S. Dept. of Labor, Washington, D. C., for plaintiff in No. 77-894C(2).

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon cross motions for summary judgment. *837 Case No. 77-894C(2) was filed by the Secretary of Labor pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, and was ordered consolidated with Case No. 77-312C(2), Henry Winer v. Edison Brothers Stores Pension Plan. There is no genuine issue with regard to certain facts.
The Secretary's complaint was filed against the Edison Brothers Stores Pension Plan (Plan) and members of the Plan's Retirement Committee (Committee). The complaint alleges a violation of ERISA, § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), because Plan participants Joseph M. Fingerhut and Henry Winer were denied payment of benefits. Prior to the filing of the Secretary's complaint, Winer brought suit under ERISA for recovery of benefits denied him. The actions were consolidated on October 4, 1977.
The employment of both Fingerhut and Winer was terminated because the company's management believed they had received secret payments and other benefits from suppliers doing business with the company. Termination took place on May 10, 1976. Subsequent to termination, on July 13, 1976, both claimants were denied benefits under § 4.09 of the Plan, which states that a member shall be disqualified from receiving any benefits if he has been dishonest with the company.
The Secretary has charged the defendants with a violation of their fiduciary duties. Whether these benefits should have been paid is dealt with in § 203(a) of ERISA, 29 U.S.C. § 1053(a). Section 203(a) states that:
Each pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon attainment of normal retirement age. . . .
Section 203(a) applies to pension plan years beginning after December 31, 1975. After that date a beneficiary entitled to benefits may not be denied those benefits unless one of the exceptions set out in § 203 applies. Defendants do not raise any specific exemptions.
Defendants assert that because claimants' misconduct occurred prior to the effective date of ERISA on January 1, 1976, the non-forfeiture provisions would not apply. The Secretary argues that termination of the claimants' employment in 1976 resulted in an illegal forfeiture of benefits under ERISA. Both parties cite many of the same cases.
A case which is somewhat analogous is Finn v. Chicago Newspaper Publishers' AssociationDrivers Union Pension Plan, 432 F.Supp. 1178 (N.D.Ill.1977). In Finn, the plaintiff filed a claim for pension benefits arising from a pre-ERISA injury. He claimed that the refusal to pay, occurring after the effective date of ERISA, brought the action within the Court's jurisdiction. The Court held that because the plaintiff's claim arose prior to the effective date of the Act, it was barred.
In Finn the claim arose when the plaintiff was injured, before the effective date of the Act. Here the claim arose when Winer and Fingerhut were discharged  after January 1, 1976. The date of their perceived misconduct has no relevance because it was only when Edison Brothers took action with respect to that misconduct that a pension claim arose.[1]
Any other conclusion would be contrary to both logic and the purpose of ERISA. The Act was intended to protect employees' rights in their pension plans. Forfeitures, absent specific exceptions, are disfavored.
Section 404(a) of ERISA requires fiduciaries to pay benefits when due. There is no factual dispute that, absent the operation of § 4.09 of the Plan, benefits are due Winer and Fingerhut. Section 203 of ERISA prohibits the application of the Plan's forfeiture provision and thus the defendants are violating their fiduciary duties by refusing to pay. Accordingly, the Secretary's cross motion for summary judgment will be granted and judgment entered for plaintiffs in both of these actions.
*838 Plaintiff Winer has asked for back payments under the Plan, plus interest. He also seeks attorneys' fees. Attorneys' fees may be awarded to either party in an action by a beneficiary, participant or fiduciary, 29 U.S.C. § 1132(g). The Court will make such an award to plaintiff Winer. The parties will be ordered to meet and attempt to reach an agreement as to a proper amount for back payments, interest, and attorneys' fees as to plaintiff Winer. Defendant will, of course, be ordered to pay future benefits to both Winer and Fingerhut. No other injunctive relief will be granted.
NOTES
[1] If the Court was convinced that the cause of action arose upon denial of the pension claim, Finn would not be distinguishable. In that event this Court would not follow that opinion.