Daniel V. Kinsella, Weatherhead & Kinsella, Chicago, Ill., Gregory A. Adamski, Carponelli, Krug & Adamski, Chicago, Ill., for defendant.

**NORTH AMERICAN VAN LINES, INC., Plaintiff,**

v.

**Leo M. COLEMAN, Defendant.**

**No. 86 C 2732.**

United States District Court, N.D. Illinois, E.D.

April 24, 1986.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Leo Coleman ("Coleman") has just removed to this District Court an action filed by North American Van Lines, Inc. ("North American") in the Circuit Court of Cook County, Municipal Division as Case No. 86 M1–111398. Because the removal is facially wanting in subject-matter-jurisdictional terms, this Court remands the case sua sponte under 28 U.S.C. § 1447(c).[1]

Federal courts are courts of limited jurisdiction, so the removal statutes must be

---

**1.** All further references to provisions in Title 28      will take the form "Section—."

read literally. Removal under Section 1441(a) is limited to actions "of which the district courts ... have original jurisdiction...." North American's lawsuit seeks damages of well under $10,000, so the case would not be removable on diversity-of-citizenship grounds because it lacks a sufficient amount in controversy—and that would be so even if Coleman were a non-Illinois-citizen, as Section 1441(b) requires (and as the removal petition does not state). And the claim itself is a common-law claim not presenting a federal question (see the first sentence of Section 1441(b)).

Thus lacking conventional grounds for removal, Coleman tries to paint a very different scenario to shoehorn himself into Section 1441(c). Coleman had previously sued North American in another lawsuit (that one a class action) in the Circuit Court of Cook County, Case No. 85 L 30437. North American removed that case to this District Court March 21, 1986, at a time when Coleman's motion to consolidate North American's case with his own was pending before the state court. That removal is said by Coleman to have triggered the removability of *this* action, so Coleman's April 21 removal petition is asserted to have been both timely and substantively proper.

Coleman's stated reasons for that conclusion merit only short shrift. This opinion will treat with each.

■ By its terms Section 1441(c) requires the removable and non-removable claims to have been "joined," and that was not true here. Certainly the mere pendency of the unacted-upon consolidation motion in the state court does not make the present claim removable. By definition the two actions would become attached to each other only when such a motion is granted. Unless and until that happened, the removability of the present case had to be looked at on its own.

Coleman also says "pendent jurisdiction" and "ancillary jurisdiction" exist over the North American claim. That is nonsense, for Section 1441(c) does not read that way. Both those jurisdictional sources, as the labels suggest, relate to a plaintiff's effort (on notions of judicial economy) to piggyback onto a federally-cognizable claim another claim over which federal jurisdiction does not otherwise exist. That is what Section 1441(c) deals with. If a defendant wants to do the piggybacking, he must demonstrate a basis for doing so within otherwise recognized jurisdictional grounds. Coleman has not.

■ Finally Coleman also characterizes the North American claim as a "compulsory counterclaim" to his own lawsuit (now pending in this District Court). Had North American in fact presented the equivalent of a Fed.R.Civ.P. ("Rule") 13(a) compulsory counterclaim to Coleman's state court suit before it was removed, that counterclaim would have come to this District Court at the time of removal. And the counterclaim would then have remained here despite the last clause of Section 1441(c), for compulsory counterclaims require no independent jurisdictional basis (see 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1414, at 69 & n. 55 and cases there cited). Compulsory counterclaims, in other words, *do* fall within the federal courts' ancillary jurisdiction (*id.*). But compulsory counterclaims are "compulsory" only in the sense a defendant must assert them or be barred from asserting them in a *later* independent action (see *id.* § 1417, at 94 & n. 30 and cases there cited). They are not "compulsory" in the sense a plaintiff or this Court can force a defendant to assert them.

Coleman's petition appears to argue this Court must treat North American's claim as though it had in fact been asserted as a compulsory counterclaim in Coleman's suit. But that is impermissible, both because (1) North American cannot in effect be forced to assert its claims and (2) nothing in Coleman's petition shows North American's claim would in fact constitute a compulsory counterclaim in Rule 13(a) terms. Indeed even if it were such (a matter on which this Court is not required to rule for current purposes), there is nothing to inhibit North American from advancing that counterclaim under Rule 13(a) in Coleman's lawsuit

**634**

in this District Court. And if *that* were done, the simultaneous pendency of North American's suit in the state court and its counterclaim in the federal court would be no different from the occasionally-encountered situation in which a plaintiff files the identical suit in two different courts, one state and one federal. When that occurs, the mere existence of the federal court action does not itself cause the state court suit to become removable.[2]

But again, all that hypothetical discussion is beside the mark. All that is required is the short answer that Section 1441(c) simply is not satisfied here.

Coleman's reasons for removal are wholly fanciful rather than merely imaginative. This Court clearly lacks subject matter jurisdiction. It therefore plainly "appears that the case was removed improvidently and without jurisdiction ..." (Section 1447(c)). This action is remanded to the Circuit Court of Cook County, and Coleman is ordered to pay just costs to North American.

---

**2.** For example, if (1) the jurisdictional basis for the federal court action were diversity of citizenship and (2) the contemporaneous state court action were filed in the *defendant's* state of citizenship, Section 1441(b) would bar removal of the state case.