**Ronald C. JESS, Plaintiff,**

v.

**PANDICK, INC., a Delaware corporation, Defendant.**

No. 88 C 4071.

United States District Court, N.D. Illinois, E.D.

Nov. 17, 1988.

Michael P. Barrett, James F. Gebhart, Stacy J. Krebs, Chapman and Cutler, Chicago, Ill., for plaintiff.

Barry T. McNamara, Jean Maclean Snyder, James A. Shapiro, D'Ancona & Pflaum, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This order concerns defendant's motion to dismiss and defendant's alternative motion for summary judgment. For the reasons stated herein, defendant's motion to dismiss is denied with respect to Count I and granted with respect to Count II. Defendant's alternative motion for summary judgment is denied.

## FACTS

On June 14, 1985, plaintiff Ronald C. Jess entered into a written employment agreement with defendant Pandick, Inc. ("Pandick"). Pandick agreed to employ Jess as Vice President of Management Services–Midwest. Jess, who currently is employed by Pandick pursuant to the agreement, has filed a two-count complaint against Pandick. In Count I, Jess alleges that Pandick has violated and continues to violate Section 510 of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. Jess claims that Pandick is discriminating against him for the purpose of interfering with the attainment of his pension rights under Pandick's Employee Retirement Plan. Specifically, Jess contends that Pandick's discriminatory conduct, which includes demoting him and assigning him to entry-level work, was intended to cause Jess to terminate his employment before his pension rights vest in August 1989. In Count II, Jess alleges that Pandick has breached the employment contract by failing to exercise good faith in implementing the agreement's bonus plan. Jess' complaint requests both damages and an injunction enjoining Pandick from any further violation of § 1140 of ERISA.

## DISCUSSION

### Count I

Pandick argues that Jess does not state a claim under § 1140 of ERISA because Jess remains employed by Pandick. Pandick contends that an employee must be discharged in order to sustain a cause of action under § 1140. This argument ignores the plain language of § 1140, which provides in part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan ...

The broad wording in this provision clearly contemplates a cause of action by an employee who has not been discharged. The provision indicates that several other types of employer action besides discharge can give rise to a § 1140 claim. Thus, this court rejects Pandick's reading of § 1140 as providing a cause of action to only discharged employees.

In addition, contrary to Pandick's protestations, Jess' complaint properly pleads a § 1140 cause of action. In paragraphs 8 and 9, Jess alleges:

> 8. Defendant has engaged, and is engaging, in a course of conduct intended to cause plaintiff to terminate his employment prior to vesting of his rights under the Retirement Plan by depriving plaintiff of his rights under the Agree-

ment and forcing plaintiff to work under degrading and humiliating conditions.

\* \* \* \* \* \*

9. Defendant's conduct with respect to plaintiff constitutes discrimination for the purpose of interfering with plaintiff's attainment of his rights under the Retirement Plan, in violation of 29 U.S.C. § 1140.

These allegations sufficiently set forth both the conduct and the specific intent required to state a claim under § 1140.[1] Therefore, Pandick's motion to dismiss Count I must be denied.

 Pandick argues alternatively that it is entitled to summary judgment on Count I on the ground that Jess failed to exhaust his remedies under the ERISA plan. Pandick points out that under its Employee Retirement Plan, Jess has extensive procedures available to him to dispute a claim for benefits under the plan. Pandick's position is that Jess' ERISA claim should be barred because he failed to pursue those remedies.

 This argument also is without merit. The remedies which Pandick claims are available to Jess would not provide Jess with the relief which he seeks. The administrative remedies under the plan relate only to the resolution of disputed claims for benefits. Jess' cause of action is not a claim for benefits. His action seeks to prevent and redress Pandick's alleged discriminatory and wrongful conduct. Jess cannot receive such relief by pursuing the administrative remedies available to him. This court will not require Jess to exhaust administrative remedies where the clear inadequacy of those remedies makes the pursuit of them an exercise in futility. *See Dale v. Chicago Tribune Company,* 797 F.2d 458, 466 & n. 14 (7th Cir.1986) (recognizing futility and inadequacy as two exceptions to the exhaustion of administrative remedies requirement), *cert. denied,*

479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). Therefore, Pandick's motion for summary judgment is denied with respect to Count I.

### Count II

Pandick's motion to dismiss Jess' breach of contract claim must be granted. Since this state law cause of action is related to the employee benefit plan, it is preempted by ERISA. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

### CONCLUSION

For the foregoing reasons, Pandick's motion to dismiss is granted with respect to Count II but denied with respect to Count I. Pandick's alternative motion for summary judgment is denied.

IT IS SO ORDERED.

---

1. Although Jess' allegations state a cause of action under the broad language in ERISA, he must sustain a heavy burden of proof to succeed on his ERISA claim at trial. Jess must prove that the motivating factor behind his employer's business decision to engage in such conduct was to interfere with his pension rights. *Sisto v. Crane–Houdaille,* No. 85 C 7296 (N.D.Ill.1987) [available on WESTLAW, 1987 WL 8604] (LEXIS, Genfed library, Dist. file) (Decker, J.). Since Jess currently is employed by Pandick and, therefore, his rights currently are vesting, it will be especially difficult for him to meet that burden of proof.