**Robert J. BARTZ, Clement R. Jandeski, Lucille D. Johnsen, Michael D. Karpinski, Thomas M. Pindelski, Richard T. Wiklak, and Joseph T. Peers, Plaintiffs,**

v.

**John M. CARTER, Sr., Esther Carter, Frances Budreck, All Power, Inc. Profit Sharing Plan, All Power, Inc. Employees' Stock Ownership Plan, and All Power, Inc., Defendants.**

No. 88 C 5793.

United States District Court,
N.D. Illinois, E.D.

March 14, 1989.

Stephen B. Horwitz, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for plaintiffs.

Ira Gould, Lawrence I. Davidson, J. Michael Williams, Holleb & Coff, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is defendants' motion to dismiss, *see* Fed.R.Civ.P. 12(b)(6), or in the alternative, for a more definite statement of demand for judgment. *See* Fed.R.Civ.P. 8(a)(3). For the following reasons, the motion to dismiss is granted in part and denied in part, and the motion for a more definite statement is denied.

Plaintiffs, former employees of defendant, All Power, Inc., and participants in certain employee pension benefits plans in which All Power, Inc. is the sponsor, have instituted this action under § 502(a) of the Employee Retirement Income Security Act (ERISA), alleging, *inter alia,* violations of fiduciary obligations imposed upon pension plan trustees by § 404 of ERISA, 29 U.S.C. § 1104. Defendants are the three trustees of the Employees' Stock Ownership Plan ("ESOP"), the ESOP itself, the corporation sponsoring the ESOP, and a profit sharing plan which is the predecesor of the ESOP (collectively, the profit sharing plan and the ESOP are referred to hereafter as "the Plan").

The Amended Complaint contains seven counts. Counts I, II, III, and VI allege that defendants John and Esther Carter, with the acquiesence of defendant Frances Budreck, converted the profit sharing plan into an ESOP to enable the Carters to gain control of All Power, Inc. The Amended Complaint further alleges that the value of the plan has been reduced by approximately 22% since the conversion to an ESOP. Counts IV and VII allege that two plaintiffs, Lucille Johnsen and Joseph T. Peers, are entitled to an immediate distribution of their vested benefits, yet defendants have failed to distribute those benefits, and have undervalued those benefits due to the reduction in the value of the Plan resulting from its conversion into an ESOP. Count V alleges that all defendants have failed to provide required information regarding the Plan in a timely manner.

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

Defendants move for dismissal of all counts on the grounds that plaintiffs have failed to exhaust their Plan remedies. A strong policy underlies the exhaustion doctrine in ERISA suits: avoidance of litigation by encouraging settlement and filtering out frivolous claims. *Kross v. Western Electric Co.*, 701 F.2d 1238, 1244–45 (7th Cir.1983). Therefore, the trial court, in its discretion, may require that a claimant exhaust administrative remedies prior to bringing suit. *Id.* at 1244. However, exhaustion is not required in actions for breach of fiduciary duty. *Lindahl v. American Tel. and Tel. Co.*, 609 F.Supp. 267 (N.D.Ill.1985).

Defendants argue that plaintiffs' action is not for breach of fiduciary duty, because plaintiffs in essence "simply want their money," and is therefore brought for recovery of benefits due under the terms of the plan. *See* 29 U.S.C. § 1132(a)(1)(B). However, to the extent that plaintiffs demand that the trustees personally make restitution for losses suffered by the Plan, they do not seek benefits due under the Plan as it presently exists, but rather they seek restitution of funds owing to the Plan due to violations of fiduciary duties committed by the trustees. *See* 29 U.S.C. 1132(a)(3)(B)(ii). Therefore, plaintiffs' action is at least in part an action breach of fiduciary duty, and exhaustion is not required. In fact, this case illustrates the wisdom of the rule against requiring plaintiffs to exhaust claims for breach of fiduciary duty. To require that the plaintiffs in this case ask the trustees to personally repay large sums of money would be futile, create needless delay, and would not fulfil the policies underlying exhaustion.

Defendants argue that if part of plaintiffs' action is for breach of fiduciary duty, and part is not, plaintiffs should still be required to exhaust their remedies under

the Plan regarding all claims not based on breach of fiduciary duty. The court agrees that simply because a plaintiff states a claim for breach of fiduciary duty, that plaintiff is not automatically exempted from exhaustion for all his claims. Rather, the court should exercise its discretion regarding those other claims. If plaintiff's claims other than for breach of fiduciary duty involved issues easily separable from the claims for breach of fiduciary duty, and those claims were otherwise ones for which the court would require exhaustion, the court would require exhaustion of those claims. However, if all of plaintiffs' claims involve intertwined issues, the court should not require exhaustion.[1]

In this case, all of plaintiffs' claims except for Count V (which is dismissed, as described *infra*) involve the issue of whether the Plan was wrongfully converted into an ESOP. Therefore, while some of plaintiffs' claims may involve issues other than breach of fiduciary duty, such as failure to distribute vested benefits, requiring exhaustion of any of these claims would do little or nothing to avoid litigation; the issues are not readily separable. Consequently, to the extent that the court must exercise discretion, the court declines to require exhaustion.

Defendants next argue that plaintiffs' claims, to the extent that they allege breaches of fiduciary duty, should be dismissed. Defendants argue that such claims may only be brought on behalf of the plan, and plaintiffs have brought this action in their capacity as beneficiaries.

■ The Supreme Court has held that a beneficiary may bring an action against a fiduciary for violation of fiduciary duty, but any recovery for such violation inures to the benefit of the Plan as a whole.[2] *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 3089, 87 L.Ed.2d 96 (1985). The Ninth Circuit has interpreted *Russell* as holding that

ERISA grants no private right of action by a beneficiary *qua* beneficiary; rather it accords beneficiaries the right to sue on behalf of the entire plan if a fiduciary breaches the plan's terms.

*Sokol v. Bernstein*, 803 F.2d 532, 536 (9th Cir.1986) (dicta); *accord, Call*, 689 F.Supp. at 1020. The court agrees with this interpretation. The Court in *Russell* found that Congress intended that "actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole." *Russell*, 105 S.Ct. at 3090 n. 9. Consequently, to the extent that the Amended Complaint alleges breach of fiduciary duty, it is dismissed, and plaintiffs are granted leave to amend within 14 days, clarifying which portions of the action are brought on behalf of the Plan.

■ Defendants move for dismissal of Count V, which alleges that the trustees have failed to furnish information pursuant to Sections 101, 104 and 105 of ERISA. To state a claim for failure to furnish information against an ERISA administrator, plaintiffs must allege that they requested information and the administrator subsequently failed or refused to provide that information. *Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987). However, the Amended Complaint merely alleges that defendants failed to affirmatively act to disclose the information at issue. Therefore, the motion to dismiss Count V is granted.

■ Finally, defendants argue that plaintiffs, by stating generally the relief sought at the end of the Amended Complaint, rather than stating what relief is sought for each separate count, have failed to comply with Fed.R.Civ.P. 8(a)(3). The court disagrees. Defendants have received adequate notice of what relief is sought, which is all Rule 8(a)(3) requires.

In sum, the motion to dismiss for failure to exhaust plan remedies is denied. The

---

1. The court considers this issue somewhat analogous to the doctrine of pendent jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

2. This holding applies to cases in which a beneficiary sues for breach of fiduciary duty which

affects the plan as a whole, and does not affect the suing beneficiary in a unique way. Likewise, in this case, plaintiffs allege a breach of fiduciary duty which affects the plan generally. *See Call v. Sumitomo Bank of California*, 689 F.Supp. 1014, 1020 n. 10 (N.D.Cal.1988).

motion to require plaintiffs to separately state their demand for judgment as to each individual count is also denied. However, the motion to dismiss for failure to sue on behalf of the Plan, to the extent that the action is based on breach of fiduciary duty, is granted. Plaintiffs are granted leave to amend the complaint within 14 days to state which claims are for breach of fiduciary duty, and to state that those claims are brought on behalf of the Plan. Failure to amend within 14 days will result in dismissal with prejudice. *See* Fed.R.Civ.P. 15(a). Plaintiffs should also consider to what extent the Plan is an appropriate defendant in this action.

IT IS SO ORDERED.