Nancy NIERENBERG, Plaintiff,

v.

**HEART CENTER OF SOUTHWEST FLORIDA, P.A., Defendant.**

**No. 93–209–CIV–FTM–17D.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 8, 1993.

Dana Mason Gallup, Mark Horowitz, Humphrey & Knott, P.A., Ft. Myers, FL, for plaintiff.

Clayton W. Crevasse, Smoot, Adams, Johnson & Green, Ft. Myers, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's, HEART CENTER OF SOUTHWEST FLORIDA, P.A., (hereinafter referred to as "HEART CENTER"), Motion to Dismiss for Plaintiff's failure to state a claim against Defendant upon which relief can be granted and for Plaintiff's failure to exhaust her administrative remedies prior to bringing suit in this Court, filed August 19, 1993. Plaintiff's response thereto was filed August 30, 1993.

### FACTS

Plaintiff filed the present action on July 26, 1993, which action had been originally filed in state court case number 93-4700CAWCM on June 24, 1993. Plaintiff alleged therein that she had been employed by the HEART CENTER as a receptionist and was an employee terminable at will from March of 1990 to January of 1993. In April of 1991, Plaintiff was diagnosed as having breast carcinoma (breast cancer), after which time she was informed by the HEART CENTER'S office manager that the HEART CENTER was paying more for health insurance as a result of Plaintiff's age and/or state of health. In July of 1991, Plaintiff underwent a mastectomy operation followed by six (6) months of chemotherapy.

Prior to Plaintiff's termination of employment, the HEART CENTER modified its health insurance program, selecting a Preferred Provider Organization (PPO) plan. Plaintiff was then informed that the new PPO plan was extremely expensive, in part as a direct result of Plaintiff's age and/or state of health.

Plaintiff alleges that on or about January 8, 1993 the HEART CENTER wrongfully

terminated her employment because Defendant was no longer willing to pay for the higher insurance premiums associated with Plaintiff's age and medical condition. Plaintiff is now unable to receive any of her prior medical benefits and is unable to find a plan which will presently insure her.

Plaintiff subsequently filed this action for violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and specifically under Section 302 and Section 510 of ERISA. In paragraph 25 of Plaintiff's complaint she states:

"Nierenberg is informed and believes that neither the Equal Employment Opportunity Commission ("EEOC") or the Florida Human Relations Commission ("FHRC") provides an administrative remedy for ERISA violations. Moreover, any administrative remedy provided by the Heart Center's insurance plan would be inapplicable to this claim. Accordingly, Nierenberg has exhausted all administrative remedies prior to filing this action or the pursuit of said administrative remedies would be impossible and/or futile."

Defendant then filed, on August 19, 1993, the Amended Motion to Dismiss presently before this Court.

## DISCUSSION

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The complaint in this case was filed to recover from Defendant, the Heart Center, the cost of premiums for full medical coverage for Plaintiff as well as all actual damages incurred, including all medical expenses incurred since her termination from employment. Defendant seeks to have Plaintiff's requests dismissed from the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)6. Defendant asserts this claim on grounds that (1) the Court lacks jurisdiction because Plaintiff has failed to exhaust her administrative remedies prior to bringing suit; (2) that Count III of Plaintiff's complaint alleges an action for intentional infliction of emotional distress, and that Plaintiff, as an employee at will, was dischargeable as a matter of right; (3) there is no provision for an award of punitive damages under the applicable ERISA statutes.

First, this Court will address the exhaustion of administrative remedies issue as the resolution of said issue determines this Court's ability to consider Defendant's additional two (2) claims.

It is noted that there is a split among the federal circuits with respect to whether the doctrine of exhaustion of administrative remedies applies to claims filed under ERISA. *See King v. James River–Pepperell, Inc.*, 592 F.Supp. 54 (D.Mass.1984); *Kross v. Western Elec. Co., Inc.*, 701 F.2d 1238 (7th Cir.1983); *Treadwell v. John Hancock Mut. Life Ins. Co.*, 666 F.Supp. 278 (D.Mass.1987); *Held v. Mfr. Hanover Leasing Corp.*, 912 F.2d 1197 (10th Cir.1990); *Jess v. Pandick, Inc.*, 699 F.Supp. 698 (N.D.Ill.1988); and *Lawford v. New York Life Ins. Co.*, 739 F.Supp. 906 (S.D.N.Y.1990).

■ However, the Eleventh Circuit has specifically held that exhaustion of administrative remedies is a prerequisite to instituting an ERISA action in a federal district court. *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir.1985), cert. denied, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). ERISA itself does not mandate the exhaustion of administrative remedies as a condition precedent to filing an action for violations thereof; however, Courts have generally required claimants to exhaust their administrative remedies prior to instituting suit in federal court under ERISA. *Kross v. Western Elec.*, 701 F.2d 1238 (7th Cir.1983). In fact, the Eleventh Circuit has expressly adopted the exhaustion requirement for ERISA claims. *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir.1985),

cert. denied, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1985).[1]

■ As noted by both Plaintiff and Defendant, exceptions to the exhaustion requirement exist. Exhaustion of administrative remedies is not required (1) where it would prove futile, *Republic Steel Co. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); (2) where the claimant was wrongfully denied access to the review procedures, *Amato v. Bernard*, 618 F.2d 559 (9th Cir. 1980); (3) where irreparable harm would result by requiring exhaustion, *Central States, etc. v. T.I.M.E.–DC*, 826 F.2d 320 (5th Cir. 1987); (4) where administrative remedies are inadequate, *Southeast Alaska Conservation Council v. Watson*, 697 F.2d 1305 (9th Cir. 1983); or (5) where the issue involves statutory interpretation, *Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir.1984).

Plaintiff insists that any administrative remedy provided by the HEART CENTER'S insurance plan would be inapplicable to this claim and that pursuit of said administrative remedies would be impossible and/or futile. Additionally, Plaintiff asserts in her Amended Brief of Plaintiff in Opposition to Defendant's Amended Motion to Dismiss, filed on August 30, 1993, that on three separate occasions prior to Defendant filing its Amended Motion to Dismiss, Plaintiff, by and through her counsel, made specific inquiry upon Defendant's attorney as to any applicable administrative actions which could be utilized by the Plaintiff in lieu of filing an action in Circuit Court. Alternatively, though, Plaintiff does not allege that administrative procedures do not exist under the present benefits plan, but rather infers that they do indeed exist, but is unaware of what they are. Nor does Plaintiff allege that she is deliberately being deprived of access to those procedures by Defendant.

It is also noted, however, that Defendant's attorney did not indicate that such an administrative action exists. Further, Defendant, in its Amended Motion to Dismiss, does not specifically allege what, if any, administrative remedies and/or actions are available for Plaintiff under the present benefits plan.

An implicit assumption to the exhaustion of administrative remedies requirement is that such remedies are in fact available. Where no such procedure exists it is implausible that such a procedure must be exhausted. Defendant's failure to supply Plaintiff with complete information regarding the necessary procedures for administrative action, seriously undermines its contention that Plaintiff failed to exhaust internal remedies, should such remedies exist.

This Court is unable to fully determine whether or not any administrative procedure is available to Plaintiff, nor the adequacy/futility of such remedy because: (1) Plaintiff does not allege that she is deliberately being deprived by Defendant of access to any of the administrative procedures that may in fact be available under the benefits plan; and (2) Defendant had not made specific reference to what the available administrative remedies may be. Thus, further information is required to determine whether this Court properly has jurisdiction over this action.

Therefore, this Court directs Defendant, HEART CENTER, to submit to this Court details of the specific administrative procedures provided under the HEART CENTER'S current benefits plan. Until such time as this information is submitted, this Court will withhold disposition of this Motion to Dismiss presently before this Court.

**DONE AND ORDERED.**

---

1. The compelling considerations which support the exhaustion requirement are as follows: (1) administrative claim resolution reduces the amount of frivolous suits under ERISA; (2) it prevents premature judicial intervention; and (3) reduces the costs of dispute resolution. *Id.* at 1227.