Virginia **CHILCOTE**, Plaintiff,

v.

**BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN,** Defendant.

No. 93–C–155.

United States District Court, E.D. Wisconsin.

Dec. 10, 1993.

Terrance J. Woods, Eslien & Woods, Oconto Falls, WI, for plaintiff.

Elizabeth J. Bartlett and John E. Muth, Blue Cross & Blue Shield United of Wisconsin, Milwaukee, WI, for defendant.

## DECISION AND ORDER

RANDA, District Judge.

This case comes before the Court on defendant's motion for summary judgment. For the following reasons, the motion is granted and the case dismissed.

### FACTUAL BACKGROUND [1]

The plaintiff, Virginia Chilcote ("Chilcote"), worked for Coleman Products Company ("Coleman"), a subsidiary or division of American Motors Corporation ("AMC"). (Defendant's Proposed Findings of Fact ("FOF") at ¶ 3.) From March 1, 1986 to October 1, 1991, Chilcote received health coverage through a self-insured plan funded by AMC ("the Plan"). (FOF at ¶¶ 3–5.) The defendant, Blue Cross & Blue Shield United of Wisconsin ("Blue Cross"), was the administrator of the Plan, which means that it processed claims submitted by Coleman employees for health care services and used AMC's funds on deposit with Blue Cross to pay all legitimate claims. (FOF at ¶ 6; Bredeson Aff. at ¶¶ 5, 7.) Chilcote incurred $2515.00 in medical expenses for IV nutrition therapy and cardiac holter monitoring in regard to her treatment for cachexia and weight loss on the following dates: July 21, 1988, November 4, 1988, December 14, 1988, August 10, 1989, September 10, 1989 and October 12, 1989. (FOF at ¶ 7; Blue Cross Brief at 1–2.) She submitted claims for these expenses with Blue Cross, which claims were denied on grounds that the treatment involved was not medically necessary. (FOF at ¶ 9; Blue Cross Brief at 2.) Chilcote

---

1. The facts are taken from the affidavits and proposed findings submitted by the defendant. The plaintiff did not file a timely response to these factual submissions, the result of which is that the Court accepts them as undisputed and true. Local Rule 6.05(d). Plaintiff's failure is not critical to the Court's opinion, however, because the facts relating to the statute-of-limitations issue were not disputed in the papers which plaintiff eventually did file.

appealed the decision, which was upheld by the Claim Appeal Committee in a letter dated November 5, 1990. (FOF at ¶¶ 10–12.) Chilcote subsequently filed suit on January 25, 1993. (FOF at ¶ 15; Chilcote's Brief at 1.)

The Plan contained two procedural provisions relevant to the issue before the Court. The first, entitled "Notice of Claim", requires a member to provide affirmative proof of expenses incurred "within ninety (90) consecutive days after the commencement of the first services for which benefits are claimed." (FOF at ¶ 8; Bredeson Aff. at Ex. A, p. 68.) Chilcote complied with this requirement. The second, entitled "Limitation of Action", states that no lawsuit to recover denied benefits may be brought "more than three (3) years after the time written proof of loss is required to be furnished under Section D–3 above [the "Notice of Claim" provision]. (FOF at ¶ 14; Bredeson Aff. at Ex. A, p. 72.) It is undisputed that Chilcote failed to comply with this provision. (Chilcote Brief at 1.) The "proof of loss" for the most recent of the claimed expenses (October 12, 1989) had to be furnished by January 10, 1990. (Blue Cross Brief at 10.) A lawsuit based thereon had to be filed by January 10, 1993, fifteen (15) days before the date Chilcote filed her lawsuit. (Id.)

Blue Cross moves for summary judgment on statute of limitations grounds. Blue Cross argues that the contractual limitation provision controls and clearly renders Chilcote's suit untimely. Alternatively, Blue Cross argues that Wisconsin's three year statute of limitations for claims on disability insurance policies governs this action and also renders Chilcote's suit untimely. Chilcote responds that the contractual limitation provision should be deemed invalid and unenforceable, and further argues that Wisconsin's six year statute of limitations for contract actions governs and renders her claim timely. Alternatively, Chilcote argues that state tolling principles toll the running of any limitations period until November 5, 1990,

the date on which her final appeal was formerly denied by the Plan. The Court finds Blue Cross' arguments more persuasive.

## LEGAL ANALYSIS

The parties do not dispute that the Plan qualifies as an "employee welfare benefit plan" as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA") and that the action is therefore governed by ERISA. (FOF at ¶ 4; Chilcote Brief at 1.) Chilcote's claim is filed pursuant to § 1132(a)(1)(B) of ERISA, which provides a civil cause of action to recover benefits allegedly due under the terms of a plan.[2] ERISA does not, however, contain a statute of limitations for the filing of benefit actions under § 1132. *Jenkins v. Local. 705 Intern. Broth. of Teamsters,* 713 F.2d 247, 251 (7th Cir.1983). Normally, the Court would borrow the most analogous state statute of limitations, and the parties devote much of their briefing to that issue. *Id.* However, in this case there is a contractual limitations provision which must first be considered. Because the Court finds that provision valid and enforceable, it need not consider the question of which state limitations statute would apply.

## I. VALIDITY OF CONTRACTUAL LIMITATION

 "[I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Order of United Commercial Travelers v. Wolfe,* 331 U.S. 586, 608, 67 S.Ct. 1355, 1365, 91 L.Ed. 1687 (1947). This rule is followed in the 7th Circuit and in Wisconsin. *See generally, Taylor v. Western & Southern Life Insurance Co.,* 966 F.2d 1188, 1204 (7th Cir.1992); *State Dept. of Public Welfare v.*

---

**2.** Chilcote initially filed her action in state court and did not term her action as one arising under ERISA. Blue Cross removed the action to federal court, however, on grounds that the matter was governed by ERISA and therefore presented a federal question. Plaintiff apparently agrees with this conclusion, for she now casts her suit as an action to recover benefits pursuant to § 1132(a)(1)(B).

*LeMere,* 19 Wis.2d 412, 419, 120 N.W.2d 695 (1962). The rule is even more particularly enforced where there is a federal right asserted for which Congress has not provided a limitations period:

> Congress' silence on a limitations period ... shows its willingness to accept reasonable limitations periods rather than a strong policy in favor of some particular limitations period. Because Congress did not provide an express statute of limitations applicable to this cause of action, allowing the parties to contract for a shorter limitations period than that which would be borrowed from state law is not contrary to public policy, assuming the contracted-for limitations period is reasonable, as is the case here.

*Taylor,* 966 F.2d at 1205.

■ The Court finds that a three year limitations period for a benefits action under ERISA is clearly reasonable. Indeed, Chilcote does not argue that this amount of time was insufficient or offer any explanation as to why she did not or could not file a suit within that time frame. Moreover, her final appeal was denied on November 5, 1990, which still left her over two years to file a timely action. Ignoring the reasonableness issue, Chilcote offers two arguments regarding the provision's validity. First, she claims that enforcement of the provision would violate the spirit of ERISA, as that spirit is expressed in ERISA's "deemer" clause, and that ERISA thus stands as a "controlling statute to the contrary". The "deemer" clause essentially states that no ERISA plan shall be deemed an insurance company for purposes of state regulation. 29 U.S.C. § 1144(b)(2)(B). The purpose of the "deemer" clause was to preempt all state laws and regulations that could possibly relate to or affect employee benefit plans. *Wadsworth v. Whaland,* 562 F.2d 70, 75 (1st Cir.1977), *cert. denied,* 435 U.S. 980, 981, 98 S.Ct. 1630, 56 L.Ed.2d 72 (1978). Chilcote then argues that, because

the contractual limitation happens to be identical to Wisconsin's three year statute of limitations for actions on disability insurance policies, giving effect to the former would be the equivalent of applying the latter, which in turn would be the equivalent of treating the Plan as an insurance company for state law purposes. This argument is without merit. The similarities between the statute and the contractual provision are coincidental, and even if they were not, borrowing the state statute for limitations purposes would not be the equivalent of "deeming" the Plan an insurance company under state law.

■ Chilcote's second argument is that the provision is only enforceable "between the parties", and that neither she nor Blue Cross are properly considered "parties" to the contract because Coleman created the Plan without their negotiation or input. This argument is also without merit. It is clear under the law that the employer is not a "party" to a plan for purposes of suit, and that only the plan as an entity may be sued for benefits due under a plan. *See generally, Miller v. Pension Plan for Emp. of Coastal Corp.,* 780 F.Supp. 768, 773 (D.Kan.1991); *Holland v. Bank of America,* 673 F.Supp. 1511, 1518 (S.D.Cal.1987). Chilcote has sued the Plan through Blue Cross, the Plan's administrator (Chilcote Brief at 15), and therefore the Plan is a proper party to the suit and to the provision at issue.[3] Chilcote, as a plan beneficiary, is also clearly a party to the Plan and a proper party to this suit. The fact that Chilcote did not specifically negotiate or agree to the Plan's limitations provision does not render it unenforceable. Chilcote did not specifically negotiate or agree to any provision of the Plan, including those provisions she would presumably rely upon to obtain the benefits she claims here. Indeed, the provisions of an ERISA plan are rarely, if ever, negotiated between the employer and individual employees. The employer develops the plan and the employee

---

**3.** Indeed, Chilcote's argument here raises an interesting point addressed by neither of the parties. That is, if a benefits action can only be maintained against the Plan itself, has Chilcote improperly joined Blue Cross as a defendant? It would seem so, since any judgment is going to be paid from the funds of the Plan and not from

funds belonging to Blue Cross. But the Court leaves this issue to another day, since Blue Cross has not raised it and Chilcote clearly intended her suit to be a suit against the Plan. If Chilcote intended otherwise, then the suit must be dismissed for her failure to sue the proper party.

implicitly accepts its terms when he or she accepts the benefits of employment with the company. To rule as Chilcote suggests would render the provision of any ERISA plan that could impact negatively upon an individual employee's claim under that plan unenforceable. Such a result is clearly untenable.

## II. TOLLING

 Chilcote alternatively argues that the statute of limitations ultimately imposed on her should be tolled until November 5, 1990 (the date on which her final appeal was denied by the Plan) because she was required to exhaust her remedies under the Plan before filing suit. This argument is in turn based on the general principle that a state's tolling principles are applied in federal court whenever the federal court borrows that state's statute of limitations. *See generally, Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 45 (3rd Cir.1990). Chilcote points to Wis.Stat. § 893.23, which tolls a statute of limitations for that period "[w]hen the commencement of an action is stayed by injunction or statutory prohibition...." First, the Court has not borrowed a state statute of limitations in this case, so Wisconsin's tolling provisions will not be borrowed either. Second, there was no injunction issued here and ERISA does not expressly require the exhaustion of remedies before a civil action may be filed. *Healy v. Axelrod Const. Co. Pension Plan & Trust,* 787 F.Supp. 838, 842 (N.D.Ill.1992). Courts have required the exhaustion of remedies in specific cases, but it was as an exercise of the Court's discretion and not as a mandate from ERISA itself. *See generally, Healy,* 787 F.Supp. at 842; *Powell v. A.T. & T. Communications, Inc.,* 938 F.2d 823, 825 (7th Cir.1991). Thus, it is clear that the contractual limitations period was not tolled in this case.[4]

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

---

**4.** Chilcote also argued that the limitations period should be tolled until November 5, 1990 because she did not "discover" her claim or injury until that date. It is clear, however, that Wisconsin does not apply its discovery rule to actions sounding in contract, which is the best characterization of a benefits claim under ERISA. *See generally, CLL Associates v. Arrowhead Pacific,* 174 Wis.2d 604, 609, 497 N.W.2d 115 (1993).

1. Blue Cross' motion for summary judgment is granted and the case is dismissed upon its merits and with prejudice.

**SO ORDERED.**