**Eugene W. INGRAM, Plaintiff,**

v.

**The TRAVELERS INSURANCE CO., Defendant.**

**No. S93–782M.**

United States District Court, N.D. Indiana, South Bend Division.

April 14, 1995.

1162

Robert L. Justice, Logansport, IN, for plaintiff Eugene W. Ingram.

Mark E. Schmidtke, Hoeppner Wagner and Evans, Valparaiso, IN, for defendant Travelers Companies.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on the defendant's motion for summary judgment and the plaintiff's request for oral argument. The Travelers Insurance Company ("Travelers") contends that Eugene Ingram's ERISA claim is barred by the applicable limitations period. The parties' briefs have aided the court sufficiently in its determination of the summary judgment motion; therefore, the plaintiff's request for oral argument is denied. For the following reasons, Travelers' motion for summary judgment is granted.

### I.

Mr. Ingram alleges that he was injured, and rendered totally and permanently disabled, on September 26, 1976. At the time of his injury, Mr. Ingram was a participant in an employee welfare benefit plan (the "Plan") sponsored by the Teamsters Union and administered by the Central States Southeast and Southwest Areas Health and Welfare Fund ("Central States Welfare Fund"). An insurance policy issued by Travelers funded The Plan, and Travelers made claims determinations for benefits under the Plan.

On May 27, 1977, Travelers acknowledged receipt of Mr. Ingram's claim for benefits. On June 20, 1977, Travelers sent Mr. Ingram a Statement of Claim form and an Attending Physicians's Statement form. The Attending Physician's Statement was completed and signed on July 5, 1977, and Mr. Ingram completed and signed the Statement of Claim on July 6, 1977. On January 13, 1978, Travelers notified Mr. Ingram of the need for an independent medical examination, and an independent medical examination report was forwarded to Travelers on February 6, 1978.

Travelers contends that Mr. Ingram's claim was declined and closed in May, 1978. Because Travelers destroys its records after ten years, however, it no longer possesses any documentation with respect to Mr. In-

gram's claims. The only documentation available are the records maintained by Mr. Ingram's former attorney, Mr. Robert S. Justice, and the information available on Travelers' computer database. Because Travelers has no record of sending an actual letter to Mr. Ingram denying his claim, Travelers relies upon information from its computer database to ascertain whether and when the claim was denied and closed.

At some point before June 21, 1978, Mr. Justice wrote to the Teamsters Union regarding Mr. Ingram's claim for permanent disability benefits. In response, Mr. James Nolan of the Teamsters Union informed Mr. Justice that copies of his letter were sent to both Travelers and Central States Welfare Fund. On July 6, 1978, Mr. Ronald Kubalanza, from Central States Welfare Fund, wrote to Mr. Justice and to Mr. Nolan, informing them that he had spoken with Mr. David DeCelles, a Senior Claim Analyst with Travelers, who would be writing to Mr. Justice to request additional medical information on Mr. Ingram.

On July 6, 1978, Mr. DeCelles wrote to Mr. Justice, acknowledging receipt of a copy of Mr. Justice's letters to the Teamster Union. In that letter, Mr. DeCelles stated that he was "in receipt of your letters to Mr. James Nolan regarding the disallowance of Mr. Ingram's claims for Permanent Total Disability income benefits", and requested that Mr. Justice send additional information regarding Mr. Ingram's claim "[i]n order to give [the claim] further consideration." On August 21 [1], 1978, Mr. DeCelles again wrote to Mr. Justice, repeating his request for additional information "in order to give further consideration to Mr. Ingram's claim", and stating, "Please be advised if I do not receive a response from you within the next 30 days, we will base our reconsideration of Mr. Ingram's claim on the information presently contained in his file."

The next documented communication that took place between Mr. Justice and Mr. DeCelles occurred more than thirteen years later, on January 31, 1992, when Mr. Justice

wrote to Mr. DeCelles requesting either payment or proof of payment of the permanent disability benefits claimed by Mr. Ingram. Robert S. Justice died in 1992; since then, Mr. Ingram has been represented by Mr. Robert L. Justice. On March 24, 1993, Mr. Robert L. Justice wrote to Travelers, enclosing copies of 13 documents regarding Mr. Ingram's claim for benefits. On April 12, 1993, Travelers Claim Manager Jessie Slade wrote to Mr. Robert L. Justice informing him that Travelers had reviewed the documents, and had concluded that: "This claim was abandoned for lack of response back in 1978." The April 12 letter concluded "we regret we must decline benefits under this claim."

On October 19, 1993, Mr. Ingram filed a complaint in the Cass County, Indiana Circuit Court. Mr. Ingram's complaint requests specific performance such that Travelers be ordered to pay the amount due under the Plan, plus interest. Travelers removed the case to this court, alleging federal question jurisdiction because the complaint raises issues properly brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The parties now agree that Mr. Ingram's claim is governed by ERISA. *See* Parties' Rule 26 Report, filed April 7, 1994 at ¶ 6.

■ Travelers seeks summary judgment on the basis that Mr. Ingram's complaint was not filed within the applicable limitations period.

A party seeking summary judgment must demonstrate that no genuine issue of fact exists for trial and that the movant is entitled to judgment as a matter of law. If that showing is made and the motion's opponent would bear the burden at trial on the matter that forms the basis of the motion, the opponent must come forth with evidence to show what facts are in actual dispute. A genuine factual issue exists only when there is sufficient evidence for a jury to return a verdict for the motion's opponent. Summary judgment should be

---

1. The letter itself is dated April 21, 1978. Since the letter specifically refers to the July 6, 1978 letter, however, both parties apparently agree that the letter was actually written August 21, 1978.

granted if no reasonable jury could return a verdict for the motion's opponent.

The parties cannot rest on mere allegations in the pleadings, or upon conclusory allegations in affidavits. The court must construe the facts as favorably to the non-moving party as the record will permit, and draw any permissible inferences from the materials before it in favor of the non-moving party, as long as the inferences are reasonable. The non-moving party must show that the disputed fact is material, or outcome-determinative, under applicable law.

*Conery v. Bath Associates,* 803 F.Supp. 1388, 1392–1393 (N.D.Ind.1992) (citations omitted). The court will address the defendant's motion with these standards in mind.

## II.

In its summary judgment motion, Travelers contends that Mr. Ingram's complaint "may be properly characterized as a claim for benefits under an employee welfare benefit plan pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B)." Mr. Ingram has not objected to this characterization in his response. § 502(a)(1)(B) of ERISA states, in pertinent part, that:

A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). Claims under § 502(a)(1)(B) are "creatures of contract law" because:

the wrong that the person alleges in bringing such an action is that despite the fact that he or she has satisfied the conditions necessary for benefits under the plan, the defendant has failed to abide by the terms of the plan.

*Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1133 (7th Cir.1992). Since Mr. Ingram's complaint essentially complains of a breach of contract, and because Mr. Ingram has suggested no other possible ground for relief in his brief, the court concludes that Mr. Ingram's claim is governed by § 502(a)(1)(B) of ERISA.

"ERISA itself does not impose a statute of limitations under Section 502, the civil enforcement provision; therefore the district court must apply the most appropriate state statute of limitations so long as it is consistent with federal law and policy." *Lumpkin v. Envirodyne Industries, Inc.,* 933 F.2d 449, 465 (7th Cir.), *cert. denied,* 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991). Because an action under § 502 is a "creature of contract law," the most analogous state statute of limitations for an action based upon a written ERISA plan is the one for written contracts. *Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan,* 713 F.2d 247, 252–53 (7th Cir. 1983). To determine when a cause of action accrues, however, the court looks to federal common law. *Tolle v. Carroll Touch, Inc.,* 977 F.2d at 1138.

The Plan contains a choice-of-law provision stating that "[t]his policy is issued and delivered in the State of Illinois and shall be governed by the laws of that State." Illinois law requires that actions regarding written contracts be brought within 10 years after the cause of action accrued. 735 ILCS 5/13–206. Although Travelers contends that it would prevail even if the ten-year statute of limitations is applied, it primarily contends that the court need not apply this statute of limitations because the Plan itself contains the most relevant limitations provision with respect to the Plan:

No action at law or in equity shall be brought to recover on the group policy prior to the expiration of Sixty days after proof of loss has been filed in accordance with the requirements of the policy, nor shall such action be brought unless brought within Three years from the expiration of the time within which proof of loss is required by the policy.

The Policy requires "written notice of total and permanent disability ... within Twelve months following the date of commencement of such total and permanent disability." Thus, Travelers contends that Mr. Ingram was required to bring his cause of action on or before September 26, 1980, because proof of loss was required within one year of his

disablement and because the action then must have been brought within three years from that date.

■■■■ Mr. Ingram does not address what statute of limitations applies. He contends his suit is timely because his cause of action did not accrue until Travelers finally denied his claim on April 12, 1993. Mr. Ingram contends that he never received a denial of his claim in 1978, and because his cause of action would not have accrued until it was denied—an event that cannot be said to have occurred until 1993—summary judgment would be inappropriate. As stated earlier, the court must look to "federal common law for purposes of deciphering the accrual date of a cause of action under a federal statute." *Tolle v. Carroll Touch, Inc.,* 977 F.2d at 1138. Generally, a claim under § 502(a)(1)(B) of ERISA accrues when the claim is denied. *Jenkins v. Local 705,* 713 F.2d at 254; *see also Tolle v. Carroll Touch, Inc.,* 977 F.2d at 1139 (because § 502(a)(1)(B) assures that claimants are not denied benefits under a plan, "it is not surprising that courts have routinely held that Section 502(a)(1)(B) claims accrue when such benefits are denied.").

Some courts have declined to apply a state statute of limitations to § 502(a)(1)(B) claims, applying instead a contractual provision that limits the time within which the claim must be brought. In *Chilcote v. Blue Cross & Blue Shield,* 841 F.Supp. 877 (E.D.Wis.1993), the court elected to apply a three-year limitations period contained in an ERISA plan that stated that no lawsuits may be brought "more than three (3) years after the time written proof of loss is required to be furnished ..." *Chilcote v. Blue Cross & Blue Shield,* 841 F.Supp. at 879. In concluding that the appropriate course was to enforce the contractual limitations period rather than the state statute of limitations, the *Chilcote* court relied upon a policy of federal law described by the Supreme Court:

> [I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the

general statute of limitations, provided that the shorter period itself shall be a reasonable period.

*Order of United Commercial Travelers v. Wolfe,* 331 U.S. 586, 608, 67 S.Ct. 1355, 1365, 91 L.Ed. 1687 (1947) (footnote omitted).

The Seventh Circuit has reached similar conclusions when construing different federal statutes. For example, in *Taylor v. Western and Southern Life Insurance Co.,* 966 F.2d 1188 (7th Cir.1992), the court held that in a case under 42 U.S.C. § 1981, a limitations clause in an employee's contract requiring the employee to bring suit within six months of termination is enforceable under Illinois law. The court stated that "by enacting section 1981 without a statute of limitations, Congress implied that it is willing to live with a wide range of state statutes and rules governing limitations of action under section 1981." *Taylor v. Western and Southern Life Insurance Co.,* 966 F.2d at 1205. Likewise, in *Cange v. Stotler & Co.,* 826 F.2d 581 (7th Cir.1987), the court upheld a one-year limitations clause in an action under the Commodity Exchange Act, 7 U.S.C. § 25, noting that:

> Congress' silence on a limitations period ... shows its willingness to accept reasonable limitations periods rather than a strong policy in favor of some particular limitations period. Because Congress did not provide an express statute of limitations applicable to this cause of action, allowing the parties to contract for a shorter limitations period than that which would be borrowed from state law is not contrary to public policy, assuming the contracted-for limitations period is reasonable ...

*Cange v. Stotler & Co.,* 826 F.2d at 584.

The *Chilcote* court concluded that "a three year limitations period for a benefits action under ERISA is clearly reasonable." *Chilcote v. Blue Cross & Blue Shield,* 841 F.Supp. at 880. Likewise, in *Patterson–Priori v. Unum Life Insurance Co. of America,* 846 F.Supp. 1102 (E.D.N.Y.1994), the court enforced a clause in an ERISA disability plan that stated that a claimant "cannot start any legal action ... more than 3 years after the time [a] proof of claim is required." *Patterson–Priori v. Unum Life Insurance Co. of America,* 846 F.Supp. at 1105. The court

noted that this limitations provision was specifically mandated by the applicable state statute governing disability insurance contracts. *Id.* Similarly, the Ninth Circuit in *Nikaido v. Centennial Life Insurance Co.,* 42 F.3d 557 (9th Cir.1994), held that although it had previously applied the analogous California statute of limitations for contracts to a § 502(a)(1)(B) ERISA claim, the more analogous limitations provision for a claim for disability benefits was both contained in the policy and mandated by California law. *Nikaido v. Centennial Life Insurance Co.,* 42 F.3d at 559.

The Ninth Circuit also held that although a cause of action based on a denial of benefits generally accrues at the time benefits are denied, cases that have made that conclusion were distinguishable because they did not consider a limitations provision like the one at issue in *Nikaido,* which stated:

> No action at law or in equity shall be brought to recover on this policy ... after the expiration of three years after the time written proof of loss is required to be furnished.

*Id.* Thus, the Ninth Circuit held that the accrual date under this limitations period was not when the benefits were denied, but rather was "the time written proof of loss is required to be furnished." *Id.*

 The court finds the *Chilcote, Patterson–Priori* and *Nikaido* cases persuasive. The Plan involved in this case specifically states that: "No action at law or in equity shall be brought ... unless brought within Three years from the expiration of the time within which proof of loss is required by the policy." The Plan specifically states that it is governed by the laws of Illinois, and under Illinois law "[p]arties to a contract may validly agree to set a reasonable time limit within which a suit on the contract must be filed." *Village of Lake in the Hills v. Illinois Emcasco Insurance Co.,* 153 Ill.App.3d 815, 106 Ill.Dec. 881, 883, 506 N.E.2d 681, 683 (1987). Furthermore, as was the case in both the *Patterson–Priori* and *Nikaido* cases, Illinois

law mandates the inclusion of such limitations language in all health and accident insurance policies. *See* 215 ILCS 5/357.1; 215 ILCS 5/357.12.

Therefore, the three-year limitations period contained in the Plan is the most analogous limitations period to Mr. Ingram's claim for disability benefits under § 502(a)(1)(B) of ERISA. Under the language of this limitations period, Mr. Ingram's claim accrued at the "expiration of the time within which proof of loss is required by the policy" which was "[t]welve months following the date of commencement of such total and permanent disability," or September 26, 1977. Since Mr. Ingram did not bring his claim within three years of September 26, 1977, his ERISA claim is barred.

Mr. Ingram contends that this result would be inequitable because requiring a claimant to bring suit within four years of the onset of a disability would conflict with a claimant's obligation to exhaust administrative remedies.[2] The plaintiff in *Chilcote* raised a similar contention. The court responded, "ERISA does not expressly require the exhaustion of remedies before a civil action may be filed. Courts have required the exhaustion of remedies in specific cases, but it was an exercise of the Court's discretion and not as a mandate from ERISA itself." *Chilcote v. Blue Cross & Blue Shield,* 841 F.Supp. at 881 (*citing Powell v. A.T. & T. Communications, Inc.,* 938 F.2d 823, 825 (7th Cir.1991) and *Healy v. Axelrod Construction Co. Pension Plan & Trust,* 787 F.Supp. 838, 842 (N.D.Ill.1992)).

 This court agrees that exhaustion of remedies is merely a discretionary requirement. Thus, in a case such as this, where the applicable limitations period would require the claimant to bring suit by a specific date regardless of the status of an administrative appeal, exhaustion of administrative remedies would not be a prerequisite to bringing a suit.

**2.** Mr. Ingram also contends that the limitations period should be tolled because of fraud or concealment on the part of Travelers. Mr. Ingram has set forth no evidence suggesting that Travel-

ers has been fraudulent or has actively concealed information in its dealings with Mr. Ingram. Therefore, the court concludes that this contention is without merit.

The proper limitations period for Mr. Ingram's claim is contained in the Plan, and under that limitations period, Mr. Ingram was required to bring suit on or before September 26, 1980. Because Mr. Ingram did not initiate this cause until 1993, the action is barred.

### III.

Limitations periods are

designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitations and that the right to be free of a stale claims in time comes to prevail over the right to prosecute them.

*Bowen v. City of New York,* 476 U.S. 467, 475 n. 13, 106 S.Ct. 2022, 2030 n. 13, 90 L.Ed.2d 462 (1986). The limitations period in this case compels judgment for the defendant.

Accordingly, Travelers' summary judgment motion (filed August 1, 1994 (# 22) must be, and hereby is, GRANTED, and Mr. Ingram's motion for oral argument (filed September 9, 1994 (# 29)) is DENIED. The clerk is directed to enter judgment in favor of the defendant Travelers Insurance Company and against the plaintiff on the complaint.

SO ORDERED.