724 F.Supp. 1274 (1989)
Patricia Ann FARLEY, Plaintiff,
v.
NORTHWEST MARINE IRON WORKS, an Oregon corporation; and Atlas Iron Works, Inc., an Oregon corporation, Defendants.
Civ. No. 89-42-FR.
United States District Court, D. Oregon.
November 7, 1989.
Bernard Jolles, Karl G. Anuta, Jolles, Sokol & Bernstein, Portland, Or., for plaintiff.
Barrie J. Herbold, Lisa A. Kaner, Markowitz, Herbold, Stafford & Glade, P.C., Portland, Or., for defendants.

OPINION
FRYE, District Judge:
The matter before the court is the motion for summary judgment (# 22) of defendants, Northwest Marine Iron Works (Northwest) and Atlas Iron Works, Inc. (Atlas). Plaintiff, Patricia Ann Farley, alleges that defendants Northwest and Atlas violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., by failing to provide group life insurance benefits to her deceased husband, Lloyd Farley.

UNDISPUTED FACTS
Atlas and Northwest are corporations organized under the laws of the State of Oregon. Atlas is a wholly-owned subsidiary of Northwest.
Atlas employed Lloyd Farley as a field superintendent from October, 1981 through July, 1983. In January of 1983, Lloyd Farley was diagnosed as having terminal cancer. After Lloyd Farley was diagnosed as having terminal cancer, he executed an enrollment card for life insurance coverage *1275 through Northwest's group insurance plan with Standard Insurance. Northwest did not process Lloyd Farley's enrollment card. Lloyd Farley died on July 27, 1983.
Patricia Farley, who is Lloyd Farley's widow and beneficiary, has not received life insurance benefits under Northwest's group life insurance policy with Standard Insurance. On January 23, 1985, Patricia Farley executed a release in favor of Standard Insurance in exchange for a payment of $7,500.
From approximately 1963 until his death, Lloyd Farley was a member of the Iron Worker's Union, Local 29 (Local 29). Prior to his death, Lloyd Farley received health insurance benefits from the union. After Lloyd Farley's death, Patricia Farley received pension and life insurance benefits of approximately $44,000 from the union.

CONTENTIONS OF THE PARTIES
Northwest and Atlas contend that Patricia Farley's claim must fail for three reasons: 1) Lloyd Farley was not eligible for benefits under Northwest's ERISA plan; 2) Patricia Farley released any claim she may have had by executing the release in favor of Standard Insurance; and 3) this action was not timely filed.
Patricia Farley contends that there are genuine issues of material fact as to each of the grounds raised by Northwest and Atlas. Patricia Farley contends that 1) Lloyd Farley was eligible for benefits because he was not covered by a collective bargaining agreement; 2) Patricia Farley did not intend to release Northwest or Atlas when she executed the release with Standard Insurance; and 3) Patricia Farley was not aware of a potential cause of action against Northwest or Atlas until May of 1988.

APPLICABLE LAW
Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).
On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of material fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir.1976). Where different inferences can be drawn, summary judgment is inappropriate. Sankovich v. Life Ins. Co. of N. America, 638 F.2d 136, 140 (9th Cir.1981).

ANALYSIS AND RULING

1. Eligibility for Benefits

Northwest's group life insurance policy with Standard Insurance limits eligibility for benefits to:
1) each employee who is retired under the Policyowner's Pension Plan with at least 10 years of continuous employment, and
2) each regular permanent employee of the Employer or such affiliated companies or organizations as shall be approved by the Policyowner and Standard who is regularly working throughout the entire duration of his employer's work week, and in no event less than 30 hours per week and who is not covered under an organized labor contract.

Exhibit C to Defendants' Motion for Summary Judgment, p. 2 (emphasis added).
Northwest and Atlas argue that Lloyd Farley was not eligible under the Standard Insurance policy because he was a member of Local 29 and was covered under an organized labor contract. Northwest and Atlas argue that since Lloyd Farley received insurance benefits through Local 29, he could not also be eligible for benefits from the Standard Insurance policy. Northwest and Atlas contend that the decision of the plan administrator, Northwest, *1276 in determining Lloyd Farley's eligibility should be given deference.
Patricia Farley argues that Lloyd Farley was eligible for benefits under the Standard Insurance policy because he was a supervisory employee who was not a member of a collective bargaining unit and who was not covered by an organized labor contract during his employment with Atlas. Patricia Farley argues that the union benefits received by Lloyd Farley were fully vested prior to 1983 and do not affect his eligibility under the Standard Insurance policy.
Patricia Farley has presented evidence that Lloyd Farley was told by employees of Northwest that he was eligible for insurance benefits under the Standard Insurance policy, and that he should already have been enrolled. Patricia Farley has also presented evidence that she and/or Lloyd Farley were told that his enrollment card would be processed and that paperwork would be completed so that Lloyd Farley would be an eligible employee on the company's records.
Northwest and Atlas have presented evidence that Lloyd Farley was never told that he was eligible for benefits under the Standard Insurance policy, and that Northwest did not process his application because he was not eligible. Northwest and Atlas contend that Lloyd Farley could have been covered by a collective bargaining agreement even though he was a supervisor.
Whether Lloyd Farley was eligible depends upon the interpretation of the phrase "covered under an organized labor contract" in the Standard Insurance policy. Based on the evidence now before the court, the phrase could reasonably be interpreted to mean either employees who are members of a collective bargaining unit or employees who are entitled to fringe benefits from a union. Although it is undisputed that Lloyd Farley was eligible for some benefits from his union, it is not clear whether these benefits were of a nature which would destroy his eligibility under the Standard Insurance policy.
Moreover, the evidence now before the court does not establish whether Lloyd Farley was a member of a collective bargaining unit during his employment by Atlas. Finally, there is conflicting evidence regarding whether Lloyd Farley was given an opportunity to drop his union membership so as to become eligible for the group insurance coverage.
Therefore, there are genuine issues of material fact as to Lloyd Farley's eligibility for benefits under the Standard Insurance policy.

2. Release of Claims

On January 23, 1985, Patricia Farley released "all of the rights and claims she and the estate of Lloyd Farley may have against STANDARD INSURANCE COMPANY." (Exhibit A to Defendants' Motion for Summary Judgment, p. 17.) Standard Insurance paid Patricia Farley $7,500 in consideration of her agreement to sign the release. The release states that a dispute has arisen as to whether Lloyd Farley was insured under the group policy, and that Patricia Farley has threatened litigation to recover life insurance proceeds under the policy.
Paragraph 3 of the release states:
Farley, on behalf of herself and the estate of Lloyd Farley, fully releases and discharges all past, present and future officers, directors, agents, employees and attorneys of Standard and its successors and assigns, from all liability described in paragraphs 1 and 2 hereinabove.
Exhibit A to Defendants' Motion for Summary Judgment, p. 18. Northwest and Atlas contend that they fall within the definition of agents of Standard Insurance released under paragraph 3.
Northwest and Atlas rely on O.R.S. 744.165, which provides:
(1) Except as provided in a group contract of insurance under subsection (2) of this section, any person who solicits or procures an application for insurance shall in all matters relating to the application for insurance and the policy issued in consequence of the application be regarded as the agent of the insurer issuing *1277 the policy and not the agent of the insured. Any provisions in the application and policy to the contrary are invalid and of no effect whatever.
(2) A group contract of insurance and the individual certificate issued pursuant to the group contract may contain provisions stating whether the group policy-holder acts as the agent of the individual insured or whether the group policyholder acts as the agent of the insurer.
The group insurance policy in this case does not contain a provision stating whether Northwest or Atlas acts as the agent of Lloyd Farley or Standard Insurance.[1]
Northwest and Atlas contend that they are persons who solicit or procure applications for insurance and are therefore the agents of Standard Insurance. They emphasize that Northwest is the plan administrator for group life insurance, and that Northwest and Atlas perform all of the administrative tasks of the companies' group insurance program, including processing enrollment cards.
Patricia Farley contends that O.R.S. 744.165 creates an agency only for limited purposes, and that the statute does not limit the liability of an agent for his own actions. Farley argues that the release does not name Northwest and Atlas as agents of Standard Insurance. Farley also contends that she did not intend to release any claims against Northwest and Atlas, and that she was not even aware at the time that she had a cause of action against Northwest and Atlas.
The reported Oregon decisions do not discuss the specific factual situation in this case. O.R.S. 744.165 is generally applied to allow an insured to hold an insurance company liable for misrepresentations by the insurance company's agent. Nofziger v. Kentucky Central Life Ins. Co., 91 Or. App. 633, 639, 758 P.2d 348, rev. denied, 306 Or. 527, 761 P.2d 928 (1988). However, O.R.S 744.165 may also cover an employer who offers a group insurance plan. Paulson v. Western Life Ins. Co., 292 Or. 38, 60, 636 P.2d 935 (1981).
In Nofziger, the Court of Appeals stated that O.R.S. 744.165 "has never been read to limit liability of an agent for his own actions." 91 Or.App. at 639, 758 P.2d 348. However, in Nofziger, there were no facts indicating a release by the insured, and the court did not state that an insured could not voluntarily release an agent.
In Paulson, the court remanded the case to the trial court to determine whether statements made to the plaintiff by the company's owner were made while soliciting or procuring an application for insurance. 292 Or. at 64-65, 636 P.2d 935. In this case, Farley alleges that statements were made to Lloyd Farley by William Zavin, the president of Atlas, and by other employees of Northwest and Atlas. Patricia Farley has not submitted evidence which suggests that these employees were not soliciting or procuring an application for insurance. Therefore, the court finds that as a matter of law, Northwest and Atlas were acting as the agents of Standard Insurance within the terms of O.R.S. 744.165.
Farley contends that even if Northwest and Atlas are considered agents within the terms of O.R.S. 744.165, the release cannot be enforced as to Northwest and Atlas. Farley argues that she did not voluntarily and knowingly release any claims against Northwest or Atlas. A release is a contract in which one or more parties agrees to abandon a claim or right. Lindgren v. Berg, 307 Or. 659, 665, 772 P.2d 1336 (1989). Courts will generally enforce the objective intent of the parties as expressed in a release, particularly where, as in this case, the party releasing rights was represented *1278 by an attorney. Id. The courts are reluctant to set aside a release because of a party's unilateral claim of mistake. Wheeler v. White Rock Bottling Co., 229 Or. 360, 367, 366 P.2d 527 (1961).
The terms of the release in this case are broad, referring to "any claim, past, present or future." Farley was represented by an attorney, so she cannot claim ignorance as to the legal effect of the release. It is unnecessary for Farley to have been aware that the legal basis for her claim against Northwest and Atlas was ERISA, where Farley was aware of facts which should have alerted her to a potential claim against Northwest and Atlas.[2]
Farley's final argument is that her claim against Northwest and Atlas arises from their actions in failing to process the paperwork necessary for Lloyd Farley to be eligible for benefits under the group policy. Farley contends that the actions of Northwest and Atlas do not fall within the language of the release, which refers to claims "created by or arising out of the issuance or maintenance of the group policy" and claims "arising under the group policy." However, the undisputed evidence before the court establishes that the actions of Northwest and Atlas were taken in the course of maintenance of the group policy, so that Farley's claim falls within the terms of the release.
Therefore, the court finds that, as a matter of law, Patricia Farley released her claim against Northwest and Atlas.

3. Statute of Limitation

ERISA does not contain a statute of limitation for an action to recover benefits. Where a federal statute does not specify a limitation period, courts generally apply an analogous state statute of limitation. International Union, UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 706, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966). The appropriate state law is O.R.S. 743.225(1), which provides that a life insurance policy may limit the time within which an action may be commenced to not less than three years. The Standard Insurance policy states that no action to recover on the policy shall be brought after the expiration of three years after the time written proof of loss is required to be furnished. (Exhibit C to Defendants' Motion for Summary Judgment.)
Farley does not dispute that the appropriate statute of limitation in this case is three years. However, Farley argues that she did not and could not reasonably have been expected to become aware of a potential cause of action against Northwest and Atlas until May of 1988, shortly before she filed this action in state court.[3] Farley presents no facts in support of this contention.
An action to recover ERISA benefits accrues when the benefits are denied. Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496, 1501 (9th Cir.1984). Under federal law the statute of limitation begins to run when a plaintiff knows or has reason to know of the injury that is the basis of the action. Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981).
Northwest and Atlas contend that Farley knew by February of 1984 that they had denied Lloyd Farley's eligibility for the group life insurance benefit and had refused to process Lloyd Farley's proof of death form. Northwest and Atlas point to correspondence between Patricia Farley's attorney and James P. West of Northwest in February, 1984, in which Farley asks Northwest to process the proof of death form so that she can collect the group life insurance benefit. (Exhibit D to Plaintiff's Memorandum in Opposition to Summary Judgment). West's response states that "Mr. Farley was never eligible for our nonunion program," and that Northwest is thus unable to process the proof of death form. (Exhibit E to Plaintiff's Memorandum.)
These letters establish that by February of 1984 Patricia Farley knew that the Standard life insurance benefits were not going *1279 to be paid, and that Northwest and Atlas had a role in denying Lloyd Farley's eligibility for such benefits. As a matter of law, these are facts which would lead a reasonable person to investigate whether there was a legal claim against Northwest and Atlas. It was not necessary for Patricia Farley to know the exact legal characterization of her claim, where she knew facts indicating that some claim existed against these parties.
Patricia Farley first filed an action against Northwest and Atlas in June of 1988, more than three years after the correspondence of February, 1984, and more than three years after she released all claims against Standard Insurance. Farley has presented no evidence which would justify the application of the discovery rule in this case. Therefore, the undisputed facts in this case establish that this action is barred by the statute of limitation.

CONCLUSION
The motion for summary judgment (# 22) of Northwest and Atlas is granted.
NOTES
[1] Farley contends that O.R.S. 744.165 is preempted by ERISA. However, the statute falls into ERISA's saving clause for laws relating to insurance, 29 U.S.C. § 1144(b)(2)(A). If a state law "regulates insurance," it is not preempted by ERISA. Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 746, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985). Where, as in this case, a state law regulates an insured employee benefit plan, such indirect regulation is not covered by the "deemer clause" of 29 U.S.C. § 1144(b)(2)(B). Moore v. Provident Life and Accident Ins. Co., 786 F.2d 922, 927 (9th Cir. 1986). Therefore, O.R.S. 744.165 is not preempted by ERISA.
[2] See discussion in Section 3, infra.
[3] This case was subsequently removed to federal court by the defendants.