**George NIKAIDO, Plaintiff–Appellant,**

v.

**The CENTENNIAL LIFE INSURANCE COMPANY, Hughes Aircraft Company Income Insurance Plan, and Hughes Aircraft Company, Defendants–Appellees.**

No. 92–56592.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1994.

Decided Dec. 12, 1994.

---

Sharon J. Arkin, Shernoff, Bidart & Darras, Claremont, CA, for plaintiff-appellant.

Arthur W. Francis, Jr., Redondo Beach, CA, for defendants-appellees.

Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

George Nikaido brought this action against The Centennial Life Insurance Company ("Centennial"), Hughes Aircraft Company Income Insurance Plan ("Plan"), and Hughes Aircraft Company ("Hughes") to recover disability benefits allegedly due under the Plan. The district court granted Centennial's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), holding that the action is barred by the statute of limitations. We reverse.

## I.

Nikaido became disabled in January 1980 while employed by Hughes and submitted a claim for disability benefits under the Plan. Centennial, the underwriter for the Plan's long term disability provisions, paid Nikaido monthly benefits for several years.

On November 13, 1987, Centennial mailed a letter to Nikaido notifying him that it was discontinuing his benefits because the medical evidence indicated that he was no longer totally disabled. Nikaido received that letter

on November 14, 1987. The Plan provides that the beneficiary has sixty days from the date of denial to submit a request for review of a claim. Nikaido submitted nothing to the Plan by the January 14, 1988 deadline.

Between January and August 1988, Nikaido and Centennial exchanged correspondence regarding Nikaido's claim, but Centennial refused to reinstate benefits. Nikaido's attorney sent a letter to Centennial on November 15, 1989, noting that Nikaido underwent surgery on April 20, 1989 and demanding that Centennial reinstate his disability payments.

Nikaido filed this action pursuant to 29 U.S.C. § 1132(a)(1) on August 7, 1992. The district court dismissed the complaint. It found that Nikaido's cause of action accrued on March 17, 1988 at the latest. Although the parties disputed whether the court should use a three or four year statute of limitations, the district court held that Nikaido's claim was time barred in either case.

## II.

■ We first consider what limitations period applies to this action. We may determine the applicable statute of limitations even though the district court has not yet passed on the question. *Flanagan v. Inland Empire Elec. Workers Pension Plan*, 3 F.3d 1246, 1251 (9th Cir.1993).

■ Because ERISA prescribes no statutory period in which to bring actions for benefits against a plan,[1] federal courts look to the most closely analogous state statute of limitations. *Id.* at 1252. Nikaido argues that the proper limitations period for this lawsuit is the four-year period for actions on a written contract under California Code of Civil Procedure § 337. Centennial relies on California Insurance Code § 10350.11 to support its position that the applicable period is three years.

In *Flanagan*, we applied a state limitations period for breach of contract to a claim for

benefits brought under 29 U.S.C. § 1132. 3 F.3d at 1252 (using Washington limitations period for breach of contract in suit against pension plan). However, California has a limitations statute specifically for disability policies. Section 10350.11, entitled "Limitation of actions on policy," provides:

> A disability policy shall contain a provision which shall be in the form set forth herein.
>
> Legal Actions: No action at law or in equity shall be brought to recover on this policy ... after the expiration of three years after the time written proof of loss is required to be furnished.

Cal.Ins.Code. § 10350.11. The disability plan at issue here contains this provision. Section 10350.11 provides a closer analogy to this case than does the more general breach of contract provision. We hold that the applicable statute of limitations is the three-year period provided for in section 10350.11. *See Farley v. Northwest Marine Iron Works*, 724 F.Supp. 1274, 1278 (D.Or.1989) (applying state statute of limitations for life insurance policies to ERISA action).

## III.

■ Federal law determines when a cause of action under ERISA accrues. *Northern Cal. Retail Clerks Union v. Jumbo Markets*, 906 F.2d 1371 (9th Cir.1990). In this case, however, the state statute that prescribes the limitation period defines that period by reference to a specific accrual date. Section 10350.11 establishes the date on which the three-year statutory period begins to run as "the time written proof of loss is required to be furnished."[2] The Plan contains a "Proofs of Loss" section required by California Insurance Code § 10350.7:

> Written proof of loss must be furnished to the Company, in case of claim for loss for which this Policy provides any periodic payment contingent upon continuing loss,

---

1. The ERISA limitations provision, 29 U.S.C. § 1113, applies only in cases involving breach of fiduciary duty rather than to claims against a plan for benefits. *Flanagan*, 3 F.3d at 1252.

2. This case is therefore distinguishable from *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d

1496, 1501 (9th Cir.1984), in which we stated "that an ERISA cause of action based on a denial of benefits accrues at the time the benefits are denied." In *Menhorn*, the court did not consider a limitations provision like the one at issue here.

within 90 days after the termination of the period for which the Company is liable.

Because Nikaido's alleged disability is a continuing loss, the Plan provides periodic payment, and proof of loss must be filed "within 90 days after the termination of the period for which the Company is liable." To determine when proof of loss must be furnished and when the cause of action accrues, we must decide the meaning of the phrase "the period for which the Company is liable."

In a case that construed an identical proof of loss provision, the Court of Appeals of Kentucky noted:

> It means either (a) that one proof of loss will suffice for one continuous period of liability or (b) that each month of continuing loss must be covered by a proof of loss within 90 days thereafter. Neither of these alternatives would appear to achieve an entirely satisfactory arrangement, but we see no room for any other possible construction of the sentence as it is worded.

*Continental Casualty Co. v. Freeman,* 481 S.W.2d 309, 312 (Ky.Ct.App.1972). Nikaido cites *Freeman* and two cases decided by the supreme courts of Minnesota and North Dakota to argue that "the period for which the Company is liable" refers to the entire period of disability up to age sixty-five, when the policy expires. He concludes that proof of loss is not required until ninety days after he reaches age 65 or his disability terminates, and that his action will not be barred until three years after that date. *See Wall v. Pennsylvania Life Ins. Co.,* 274 N.W.2d 208 (N.D.1979); *Laidlaw v. Commercial Ins. Co. of Newark,* 255 N.W.2d 807 (Minn.1977); *Freeman,* 481 S.W.2d at 312.

We disagree. We believe that the second alternative presented by the *Freeman* court is a more reasonable reading of these provisions. Thus "the period for which the Company is liable" refers to each month of disability. Written proof of loss is due within ninety days after each monthly period, and

any action must be brought within three years of the date that proof of loss is due.

 Because the cause of action accrues when proof of loss is due, and proof of loss is due monthly for a continuing disability, the Plan creates a relationship akin to an installment contract. For each month that a claimant is disabled and the company fails to make payment, a separate cause of action accrues.

The relationship between the parties in this case is similar to the one described in *Meagher v. International Ass'n. of Machinists and Aerospace Workers Pension Plan,* 856 F.2d 1418 (9th Cir.1988), *cert. denied,* 490 U.S. 1039, 109 S.Ct. 1943, 104 L.Ed.2d 414 (1989). Meagher claimed that the trustee's application of an invalid plan amendment to reduce his benefits violated ERISA. We held:

> Each check issued to him in an amount reduced under the inoperative amendment constitutes a fresh breach by the trustees of their duty to administer the pension plan in accordance with the documents and instruments of the Plan that are not inconsistent with ERISA.... A separate cause of action arises with the issuance of each check, and the limitations period runs separately for each cause of action.

*Id.* at 1423. Likewise, Centennial's failure to pay Nikaido each month that he was disabled commenced a three-year limitations period. The district court therefore erred in dismissing Nikaido's action since any monthly claims he can assert for three years prior to filing suit are not barred by the statute of limitations.[3]

**REVERSED AND REMANDED.**

---

**3.** Nikaido also argues that his attorney's letter of November 15, 1989 constituted a new claim that fell within the limitations period. The district court did not address this contention. We need not reach the issue either, because under our holding, Nikaido is entitled to assert this claim on remand.