Gregery D. WILLIAMS,
Plaintiff–Appellant,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, The Plan Policy Number 308598–001, Defendant–Appellee.

No. 95–16796.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 1997.

Decided May 20, 1997.

John T. Schreiber, Walnut Creek, California, for plaintiff-appellant.

Russell G. Petti, Bannan, Green, Smith & Frank, Los Angeles, California, for defendant-appellee.

Before: FLETCHER and TROTT, Circuit Judges, and JENKINS,* District Judge.

### OPINION

FLETCHER, Circuit Judge:

Gregery D. Williams appeals the grant of summary judgment to UNUM Insurance Company dismissing his ERISA action seeking disability benefits. The district court concluded that Williams' claim was barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291 and we reverse and remand.

### I.

Williams began working as a medical equipment representative for Storz Surgical Instruments in May 1987. As an employee of Storz, Williams had benefits that included

---

* Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation.

long-term disability insurance from defendant UNUM Insurance Company. Due to complications stemming from a back injury sustained in an automobile accident, which occurred on July 31, 1987, Williams stopped working on approximately June 16, 1988. On September 22, 1988, Williams' physician, Dr. White, performed a spinal fusion on Williams. On February 1, 1989, Williams returned to work. In all, he was away from work for about eight months as a result of the disability caused by the accident.

On March 26, 1989, less than two months after he returned to work, Williams was involved in a second automobile accident. At the time of the second accident, he was still receiving treatment for the earlier back injury. Approximately two months after the second accident, the spinal fusion failed. As a result of these complications, Dr. Goldthwaite, Williams' physician, declared Williams "off work" for six months. The second accident ultimately resulted in Williams' total and permanent disability.

On January 6, 1989, Williams submitted a claim to UNUM for the period of disability resulting from the first accident. On May 24, 1989, one week after leaving work on account of disability resulting from the second accident, Williams notified UNUM by telephone of the second accident and resulting disability. At the time of this phone call, Williams' first claim had not yet been resolved. According to Williams, during the conversation the UNUM representative did not inform him that he needed to file a new claim. The representative simply told Williams to have his doctors send reports about the nature and extent of the disability. On June 21, 1989, UNUM sent Williams a letter acknowledging notice of the second disability and warning that: "If we do not hear from you or your physicians within 30 days from the date of this letter, we will assume that you are withdrawing your request for benefits, and we will have no alternative but to close your file...."

The following month, in July 1989, two of Williams' physicians, Drs. White and Keane, wrote UNUM describing Williams' condition and medical history. The letters made reference to Williams' continuing problems, including the May 18, 1989 "off work" prescription from Dr. Goldthwaite. However, the doctors failed to address the specific questions posed by UNUM in its June 21, 1989 letter regarding the period of disability resulting from the second accident.

The record reveals that both UNUM and Williams were confused about whether the second period of disability constituted a "new" disability or a "recurrent" disability. Following the second accident, Williams did not submit a new claim form for benefits nor did UNUM request it. It asked only for medical proof of continued disability. UNUM's requests for information failed to specify *which* period of disability was at issue and the letters from Williams' physicians to UNUM did not distinguish between the two periods.

On August 1, 1989, six months after his first period of disability ended and two and one half months after Williams went off work for the second time, UNUM wrote Williams a letter informing him that his "request for long-term Disability benefits had been granted." It went on to state that Williams' "first check ... for the period of disability from December 12, 1988 to February 1, 1989 is being mailed under a separate cover.... If there are any specific medical reasons which prevent you from returning to work after February 20, 1989, please have your attending physician complete the enclosed medical statement and return it to us." According to Williams, when he received the August 1, 1989 letter he believed that UNUM's request for additional medical verification of subsequent disability had been satisfied by the letters his physicians had sent in July, 1989. He therefore submitted no further documentation. He understood UNUM's letter as approving his application for long-term disability benefits for his second disability period. This letter from UNUM's perspective, however, was referring only to the first disability claim.[1]

---

**1.** UNUM paid Williams benefits for the period of disability from December 13, 1988, to February 1, 1989. The policy pays benefits after a 180–day "elimination period."

UNUM's internal records never reflected a formal decision about the second disability period. However, on September 27, 1989, UNUM officially closed Williams' file without informing him it was denying his claim. Williams did not make inquiry to UNUM as to the status of the claim, nor did he communicate with UNUM in any way during the next four years. On November 20, 1989, Williams completed a second claim form that he submitted to his employer. After November 1989, Williams began receiving disability benefit payments and assumed the entire process was completed. In fact, however, these benefits were being provided not by UNUM, but rather by Storz' short-term disability insurance provider, Aetna.

At some point, Storz informed Williams that, because he was permanently disabled, UNUM, and not Aetna, should be providing the benefits. Williams then began once again pursuing benefits from UNUM. On June 15, 1993, he submitted a claim to UNUM for the second disability period. This was over four years after the onset of the second disability. On August 5, 1993, UNUM denied Williams' claim as untimely, stating that under the terms of the policy the insured must provide notice and proof of recurrence of the disability no later than one year after the date of recurrence.

Williams appealed the decision through UNUM's internal grievance procedure. On January 18, 1994, UNUM informed Williams that his claim was formally denied. Five months later, on June 17, 1994, Williams commenced this action against UNUM under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. The district court granted summary judgment to UNUM on the ground that the three-year statute of limitations for Williams' claim had run. The court concluded that Williams' claim accrued, at the latest, on September 1, 1989, almost five years before Williams filed his claim. The district court also concluded that Williams' claim was not saved by the doctrine of equitable tolling

because the evidence did not support a finding of due diligence.

## II.

### A. Standard of Review

■ The interpretation of ERISA is a question of law reviewed de novo. *Babikian v. Paul Revere Life Ins. Co.*, 63 F.3d 837, 839 (9th Cir.1995). Whether state statutes are preempted by ERISA is a question of law reviewed de novo. *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1455 (9th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 301, 133 L.Ed.2d 206 (1995). In an action to recover benefits under a plan, de novo review generally is required. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989).

### B. Statute of Limitations

■ Because ERISA prescribes no statute of limitations for bringing actions for benefits under a plan, federal courts look to the most closely analogous state statute of limitations. *Flanagan v. Inland Empire Elec. Workers Pension Plan*, 3 F.3d 1246, 1252 (9th Cir.1993). We have previously held that the California limitations statute applicable to actions on disability policies applies to ERISA claims for disability benefits.[2] *Nikaido v. Centennial Life Ins. Co.*, 42 F.3d 557, 559 (9th Cir.1994). The statute provides that a cause of action must be filed within three years from the time of accrual. *Id.* (citing Cal. Ins.Code § 10350.11). Thus, Williams had three years from the time his claim accrued to file a cause of action against UNUM.

### C. Accrual Date

■ In general, federal law determines when a federal cause of action accrues, despite the fact that state law determines the relevant statute of limitations. *Northern Cal. Retail Clerks Unions v. Jumbo Markets Inc.*, 906 F.2d 1371, 1372 (9th Cir.1990). Under federal common law, a cause of action accrues when the plaintiff knows or has reason to know that he has been injured. *Id.*

---

**2.** Williams argues that we should apply California's four-year statute of limitations for breach of contract. We disagree. *Nikaido* clearly held

that the applicable statute of limitations is three years. 42 F.3d at 559.

However, in *Nikaido* we held that because the California Insurance Code Section 10350.11 specifies the time of accrual, it also determines when an ERISA disability claim accrues. 42 F.3d at 559. Section 10350.11 establishes accrual as "the time written proof of loss is required to be furnished." *Id.* In *Nikaido,* the insured did not provide adequate proof of loss. Thus, we held that his claim accrued "after the time written proof of loss [was] required to be furnished." *Id.* Logically, this accrual provision applies only in cases where an insured failed to provide adequate proof of loss because in such cases the insurer is ordinarily under no duty to inform the insured whether his claim has been approved.

If an insured files a claim under an ERISA plan, ERISA requires that the insurer provide adequate notice of denial in writing. 29 U.S.C. § 1133. UNUM's policy required Williams to provide proof of disability to claim benefits. If such proof was provided, then UNUM was under a duty to provide notice of denial. The general federal rule would apply that an ERISA cause of action accrues either at the time benefits were actually denied, *Menhorn v. Firestone Tire & Rubber Co.,* 738 F.2d 1496, 1501 (9th Cir. 1984), or when the insured has reason to know that his claim has been denied. *Price v. Provident Life & Accident Ins. Co.,* 2 F.3d 986, 988 (9th Cir.1993).[3] Alternatively, if Williams failed to provide proof of disability, then *Nikaido* applies and Williams' cause of action accrued when proof of disability was due.

The district court never determined whether Williams provided proof of disability that was adequate to put UNUM on notice of a claim. Whether adequate proof was provided is a question of fact. Thus, we remand for the trier of fact to decide this question.

### 1. "Reason to Know of Denial" As Accrual Date

If Williams provided proof that was adequate to put UNUM on notice of a claim in

July, 1989, his cause of action would be timely if filed within three years after he knew or had reason to know UNUM had denied his claim. The district court, without deciding whether a claim had been submitted, held as a matter of law that Williams had reason to know his claim had been denied more than three years before this action was filed. The district court granted summary judgment to UNUM on this basis.

Summary judgment is appropriate only if the sole reasonable inference from the undisputed evidence is that Williams had reason to know of his injury (denial of his claim) more than three years before he filed this action. *Volk v. D.A. Davidson & Co.,* 816 F.2d 1406, 1417 (9th Cir.1987). For purposes of summary judgment, the court must assume that all of the nonmoving party's allegations are true and construe the evidence in the light most favorable to him. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir.1996). Summary judgment is not proper if material factual issues exist for trial. *Id.*

We conclude that there are material disputed questions of fact as to whether Williams filed an adequate claim and as to when Williams had reason to know that UNUM denied any such claim. Williams contends that in August, 1989, he believed that his claim had been approved. He further argues that once he discovered it had not been approved, he diligently pursued his claim. The district court held that, because almost four years had passed since the onset of Williams' second period of disability and since his pursuit of benefits for this period, no reasonable trier of fact could conclude that Williams reasonably believed his claim had been approved or, at least not denied. We disagree.

UNUM's communications to Williams were vague and confusing. When Williams called UNUM regarding his second period of dis-

---

**3.** UNUM argues that Williams' claim is time-barred even if he had no notice of denial or reason to know his claim was denied. In *Price,* we squarely rejected a similar argument:

> If accepted, [UNUM]'s argument would allow the insurer to simply bury a denial of coverage

and wait for the statute of limitations to run. ERISA does not permit such a result. It mandates that the insurer give the employee notice of a denial of coverage.

2 F.3d at 988 (internal citations omitted).

ability, he was not told to file a new claim but simply to have his physicians furnish letters regarding the disability. After his physicians had complied, Williams received a letter from UNUM stating that his "request for long-term disability benefits had been granted." After receiving this letter and until the time he renewed his pursuit of benefits under the policy several years later, Williams received regular disability benefit checks (albeit from a different provider). Williams alleges he assumed these payments were from UNUM or were in lieu of payments from UNUM. Whether this mistake was reasonable is a question of fact.

We therefore remand to the district court for a trier of fact to determine the date upon which Williams had reason to know his claim had been denied.

### 2. "Requirement of Proof of Loss" As Accrual Date

■ Alternatively, if Williams failed to provide adequate proof of disability for his second period of disability, his cause of action accrued when he was required to provide such proof. *Nikaido*, 42 F.3d at 559. The parties agree that UNUM issued the last explicit request for proof of loss on August 1, 1989. The UNUM policy requires the insured to submit proof of continuing disability "within 30 days of the request for proof." Thus, UNUM argues that, under *Nikaido*, the statute of limitations began to run at the latest on September 1, 1989. The problem with UNUM's argument is that the proof of loss provision in the UNUM policy may contravene California law regulating insurance.

California Insurance Code section 10350.7 requires that all disability insurance policies contain the following proof of loss provision:

> Proofs of Loss: Written proof of loss must be furnished to the insurer ... in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within 90 days after the termination of the period for which the insurer is liable....

Cal. Ins.Code § 10350.7. However, California Insurance Code section 10350 allows insurers "to substitute for [this policy language] corresponding provisions of different wording approved by the commissioner which are in each instance not less favorable in any respect to the insured or the beneficiary." Cal. Ins.Code § 10350. Because they are "specifically directed toward [the insurance] industry," these provisions are not preempted by ERISA. 29 U.S.C. § 1144(b)(2)(A) (ERISA saving clause); *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50, 107 S.Ct. 1549, 1554, 95 L.Ed.2d 39 (1987) (although ERISA preempts state laws insofar as they relate to what benefits are mandated under employee benefit plans, 29 U.S.C. § 1144(a), state laws which regulate insurance are saved from ERISA preemption).

Because Williams raised his claim that UNUM's policy violated California law for the first time on appeal, on remand, the district court should determine whether or not the policy is in compliance with California law. If not, the terms of California Insurance Code section 10350.7 must be read into the UNUM policy, *Interinsurance Exch. of the Auto. Club v. Ohio Cas. Ins. Co.*, 58 Cal.2d 142, 23 Cal.Rptr. 592, 594, 373 P.2d 640, 643 (1962) (provisions required by statute will be read into insurance policy), and the *rolling accrual* rule established in *Nikaido* would apply.

In *Nikaido*, the policy contained the quoted proof of loss provision. 42 F.3d at 559. Because the insured's alleged disability was a "continuing loss," the policy required proof of loss 90 days "after the termination of the period for which the [insurer] is liable." *Id.* The court concluded that the "period for which the [insurer] is liable" refers to each month of continuing disability. *Id.* Thus, a new cause of action accrued, and a new three-year statute of limitations began to run, each month when proof of loss would be due under the policy. *Id.* ("For each month that a claimant is disabled and the company fails to make payment, a separate cause of action accrues.").

If the proof of loss provision is read into the UNUM policy, Williams was required to submit proof of loss for his continuing disability within 90 days after the termination of each period for which UNUM was liable. Therefore, a new cause of action would ac-

crue after each such period. Even if Williams did not provide adequate proof of loss at the onset of the second period of disability, "any monthly claims [Williams] can assert for three years prior to filing suit [would] not [be] barred by the statute of limitations." *Nikaido,* 42 F.3d at 560.

### III.

The district court erred in granting summary judgment to UNUM. Triable issues of fact remain regarding whether Williams provided adequate proof of disability and when he should have known his claim was denied. Alternatively, if the UNUM policy contravenes California Insurance law, Williams' claims for the three years prior to the commencement of this action are timely. Accordingly, we reverse and remand to the district court for further proceedings.

REVERSED and REMANDED.