[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 101)
CT Page 10447
 I. Factual and Procedural History
On January 5, 1998, the plaintiff, Edward Janicki, filed a four count complaint against the defendant, Massachusetts Casualty Insurance Company, seeking damages for breach of contract and breach of the contractual duty of good faith and fair dealing.
The plaintiff alleges he entered into two separate contracts for disability insurance with the defendant. The plaintiff entered into an insurance contract, policy number 0213422, with the defendant on or about June 1, 1979 ("1979 policy") and on or about June 1, 1987, he entered into an insurance contract, policy number 0411716 ("1987 policy"), also with the defendant. Both policies insured the plaintiff against loss resulting from the plaintiff's total disability which the policies defined, in effect, as the substantial inability to perform the material duties of his occupation or profession. The 1979 policy provided for monthly benefits of $1000 and the 1987 policy provided for monthly benefits of $300 if the plaintiff suffered a total disability.[1] Both policies provided the plaintiff coverage until the age of sixty-five.
On December 11, 1990, the plaintiff suffered from total disability. The plaintiff filed a proof of loss which bore a February 27, 1991 date and the defendant began paying the plaintiff monthly benefits pursuant to the contracts of insurance.[2] On or about August 25, 1991, the defendant stopped paying the plaintiff monthly benefits.
On March 28, 1994, the plaintiff filed a seven count complaint against the defendant in the Superior Court, judicial district of New London. On December 27, 1996, the court dismissed that matter pursuant to Practice Book § 251, now (1998 Rev.) Practice Book § 14-3. The plaintiff commenced the present action on December 23, 1997, by serving the Insurance Commissioner as the agent for service for the defendant. In all four counts of his complaint, the plaintiff alleges that he brings the present action pursuant to General Statutes §52-592, the accidental failure of suit statute.
On February 24, 1998, the defendant filed its motion for CT Page 10448 summary judgment and on May 6, 1998, the plaintiff filed his opposition. This court heard oral argument and, thereafter, both parties submitted additional memoranda in support of their respective arguments.
 II. Summary Judgment, Legal Standard
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . ." Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998). "Where there is no question of fact or law which remains to be answered . . . a motion for summary judgment should be granted. If the sole question is one of law, it [can] be properly determined on a motion for summary judgment." (Citations omitted.) Schlott v. Zaremski,32 Conn. Sup. 567, 568-69, 345 A.2d 588 (1975).
 III. Discussion
The defendant-insurer moves for summary judgment, in part, on the ground that the plaintiff cannot bring a cause of action against the defendant because the plaintiff failed to file suit on the insurance contracts within the time set forth in those contracts for bringing legal actions.[3]
 a. Ambiguity in the Contracts
As a threshold matter, this court must determine whether the provisions of the contracts are ambiguous because if this court so finds, as the plaintiff argues, under well established principles the provisions should be construed in favor of the insured. In opposition, the defendant argues that the time limiting language in the policies is required pursuant to General Statute § 38a-483 and merely echoes the language in that statute. Thus, the defendant argues, the language is not ambiguous and, therefore, according to our case law, the usual CT Page 10449 rule of construing an insurance policy most favorably to the insured does not apply.
In construing insurance contracts, where "the words are plain and unambiguous, they must be given their ordinary and natural meaning, and [the court will] not force, ignore or distort provisions so as to give them a different meaning from how they were evidently intended by the parties. . . If the language is ambiguous, however, the ambiguity must be resolved against the insurer. [The court] will not torture language to find an ambiguity that the ordinary meaning does not disclose however, and simply because the parties contend for different meanings does not necessitate a conclusion that the language is ambiguous." Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51,60, 588 A.2d 138 (1991). This court declines to find that the language of the insurance contracts is ambiguous merely because the parties in the present case contend for different meanings.
Accordingly, the contested provisions of the insurance contracts are deemed to be not ambiguous.
 b. General Statutes § 52-592
While the plaintiff's complaint alleges that he is bringing the action pursuant to the accidental failure of suit statute, the defendant argues that Connecticut case law interprets such contract clauses as precluding the operation of the savings statute. The plaintiff counters that because the insurance company began paying him disability and then stopped paying, the provisions in the contracts setting forth the time in which to begin legal actions do not apply. The plaintiff notes that the majority of the cases the defendant relies on involve fire insurance. The plaintiff argues that those cases deal with a date certain from which a given insured is on notice that the time for filing legal action began and, therefore, are sufficiently dissimilar to the present case to make such analysis inapplicable.
This court finds the plaintiff's argument unpersuasive since our case law clearly holds that he cannot avail himself of the statute to bring a cause of action after the time for filing suit, as provided in the contracts of insurance, has expired.Bocchino v. Nationwide Mutual Fire Ins Co., 246 Conn. 378, 385-86, (1998) (holding that § 52-592 does not apply to save actions brought beyond the time limitations set forth in CT Page 10450 insurance contracts for commencing legal actions because "any excuse for failing to bring an action within an insurance policy's contractual period of limitation must have its source in contract law" and not the statute).
Accordingly, the savings statute, § 52-592, does not apply and the time limiting provisions of the insurance contracts controls.
 c. Time Limitations under the Contracts
Both the plaintiff's and the defendant's arguments focus on the crucial issue of when the time limitation under the disability insurance contracts began to run. Both parties agree that such a determination depends on the interpretation of when proof of loss must be filed. As set forth in the relevant insurance policy provisions above, the time for commencing suit "shall be brought to recover on this Policy prior to the end of 60 days after the proof of loss required under this Policy has been furnished. No such action shall be brought after 3 years after the time required for proof of loss is due under this policy." That proof of loss "must be furnished within 90 days after the end of the benefit period for which [the insurer is] liable in the case of claim for continuing loss." The issue becomes what is the definition of "the benefit period for which [the defendant] is liable."
The defendant argues that the plaintiff knew that the time for commencing legal action began to run from the time which his benefits were denied and the insurance company refused to pay. The defendant argues that an analysis of when a proof of loss is required is necessary to determine when this plaintiff should have commenced action. The defendant argues that "this case comes down to interpreting the plain meaning of the phrase that requires a proof of loss to be furnished within 90 days of the `end of the benefit period for which we [the insurance company] are liable.'" The defendant argues that the policies provide for payment of monthly benefits and also provide for those payments to be made if the insured-plaintiff submitted a proof of loss within 90 days of the end of the month wherein the disability is claimed in order to receive those payments. Thus, the defendant argues it is that date — the date the proof of loss was required, plus ninety (90) days, as required by the limitation clause — from which the three year limitation began to run. The defendant, therefore, argues that November 23, 1991 is the date CT Page 10451 from which the three years is measured because August 25, 1991 was the last benefit payment and, adding ninety days, brings the date for the commencement of the limitation period to November 23, 1991. The defendant maintains that November 23, 1994, therefore, is the date the three year time limit under the insurance contracts expired. The defendant argues, therefore, that the time limit for the plaintiff to file an action had clearly expired.
The plaintiff argues that, in his case, the contract provisions do not apply since the insurance company began paying his benefits. He argues that if the defendant's analysis is correct, then an insurance company may pay an insured's benefits up to and until the time set forth in the contract expires and then deny benefits, leaving the insured without a right to bring action. The plaintiff advocates that the traditional six-year statute of limitation for breach of contract actions should apply and that under that statute of limitation, and the savings statute, the plaintiff's action was timely. Further, the plaintiff argues that the term "benefit period" is not defined in either insurance policy and that simply because the defendant paid on a monthly basis, that alone did not require the plaintiff to file a proof of loss each month.
Although this court found no Connecticut cases addressing this issue, one court interpreted an analogous contractual limitations as meaning "either (a) that one proof of loss will suffice for one continuous period of disability or (b) that each month of continuing loss must be covered by a proof of loss submitted within 90 days thereafter." Continental Casualty Co. v.Freeman, 481 S.W.2d 309, 312 (Ky. 1972) (finding the period for which the company was liable was one continuous period of disability). In Nikaido v. Centennial Life Ins. Co., 42 F.3d 557
(9th Cir. 199), the Ninth Circuit, in applying California law to analogous contractual provisions, found that "the second alternative presented by the Freeman court is a more reasonable reading of these provisions." Id., 560. This court agrees with the Nikaido court's reasoning that " the period for which the [insurer] is liable' refers to each month of disability"; id.; and, therefore, this court finds that "each month of [the plaintiff's] continuing loss must [have been] covered by a proof of loss submitted within 90 days thereafter." ContinentalCasualty Co. v. Freeman, supra, 312.
This court, therefore, finds the defendant's argument CT Page 10452 persuasive that the insured was required to submit proofs of loss for each separate month of the continuing loss and, therefore, under the policy, the insured must have submitted such proof within 90 days after the month for which disability was claimed. In the present case, the provisions of the insurance policies required the plaintiff to submit proofs of loss for each month of disability claimed and from August 21, 1991, the date of the defendant's denial of payment of the monthly benefits, the plaintiff had three years and ninety days in which to commence legal action to recover under the contracts. Thus, the plaintiff's failure to commence action by November 23, 1994, precludes him from maintaining this action.
Accordingly, the plaintiff's legal action is time barred under the provisions of the contracts of insurance.
 IV. Conclusion
Accordingly, the defendant's motion for summary judgment is granted because the contested provisions of the insurance contracts are not ambiguous, the plaintiff's action is time barred under those contracts of insurance, and the savings statute, General Statutes § 52-592, does not apply in the present case.[4]
Handy, J.