Richard A. FLYNN, Plaintiff–
Appellant,

v.

PAUL REVERE INSURANCE
GROUP, Defendant–
Appellee.

No. 98–16733.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1999.

Submission Vacated Jan. 28, 2000.

Resubmitted Jan. 25, 2001.

Decided Jan. 30, 2001.

Before HUG, WARDLAW, Circuit
Judges, and MOSKOWITZ, District
Judge.*

## MEMORANDUM**

Richard Flynn appeals the district court's summary judgment of his suit against Paul Revere Insurance Group to recover under his disability policy on the ground that he is totally disabled as a result of an accident. The district court ruled that Flynn's action was not filed within the applicable statutes of limitations for each of his two claims, and was therefore time-barred. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court correctly determined the applicable limitations period and the date of accrual for each claim. We recently held that California's four-year statute of limitations for suits on written contracts, rather than the three-year period in section 10350.11, applies in an action on a written contract to recover disability benefits in California. *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643, 648 (9th Cir.2000) (en banc). We reasoned that section 10350.11 is not itself a statute of limitations, but rather a contractual limitations period which operates "distinct and apart from the statutory limitations period set by the state legislature." *Id.* at 648.

■ Therefore, Flynn's breach of contract claim is governed by the four-year limitations period in Cal.Code Civ. Proc. § 337. His claim for tortious breach of the duty of good faith and fair dealing is subject to the two-year statute of limitations in Cal.Code Civ. Proc. § 339. *See also Love v. Fire Ins. Exchange,* 221 Cal.App.3d 1136, 271 Cal.Rptr. 246, 249 n. 4 (Cal.Ct. App.1990) (setting forth the applicable statute of limitations).

■ Each of Flynn's claims accrued in July 1992 when Flynn's right to accidental benefits was denied, not, as Flynn argues, in September 1996 when Paul Revere stopped making monthly disability payments. Flynn argues for a "rolling accrual" rule based on the language of Section 10350.11. In *Nikaido v. Centennial Life Ins. Co.,* 42 F.3d 557, 560 (9th Cir.1994), we held that under Section 10350.11 "[f]or each month that a claimant is disabled and the company fails to make payment, a separate cause of action accrues." *Id.* at 560; *see also Williams v. UNUM Life Ins. Co.,* 113 F.3d 1108 (9th Cir.1997). We overruled both *Nikaido* and *Williams* in *Wetzel,* however, specifically rejecting the "rolling accrual" rule of *Nikaido. Wetzel,* 222 F.3d at 649. We therefore turn to California law to determine the accrual date for Flynn's claims.

Under California law, the statute of limitations began running when Flynn knew or had reason to know that his claim for disability payments under the accident provision had been denied. *See Love,* 271 Cal.Rptr. at 249 ("[T]he statute of limitations commences when a party knows or should know the facts essential to his claim."); *State Farm Fire & Cas. Co. v. Superior Court of Santa Cruz County,* 210 Cal.App.3d 604, 258 Cal.Rptr. 413, 416 (Cal.Ct.App.1989) (insured's cause of action accrues "upon the date of unconditional denial").

It is undisputed that on July 23, 1992 a representative of Paul Revere notified Flynn that Paul Revere regarded his continuing disability to be the result of sickness, and that, therefore, it would pay benefits to him pursuant to the sickness provision of the policy. As the district court reasoned,

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

At that point, [Flynn] knew or should have know of the factual basis for both of his claims: that he had been injured in an automobile accident, that Paul Revere had nonetheless determined that his ongoing disability was attributable to sickness, and that he would receive payments only for the period allowed under the sickness provision of the policy.

We agree with the district court that Paul Revere's conduct constituted an unconditional denial of Flynn's claim for benefits under the accident provision. Accordingly, the statute of limitations ran on Flynn's claims on July 23, 1996 (breach of contract) and July 23, 1994 (breach of the covenant of good faith and fair dealing). This action, filed on July 30, 1997, is time-barred.

AFFIRMED.